# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Vincent V. Huntley, : 
: No. 1202 C.D. 2016
Petitioner : Submitted: December 2, 2016
:
v. :
:
Pennsylvania Department :
of Corrections, :
:
Respondent :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                          FILED:  March 2, 2017


Vincent V. Huntley (Requester) petitions *pro se* for review of the Final Determination of the Office of Open Records (OOR) denying his appeal of the Department of Corrections' (Department) grant of his request (Request) for a copy of his "Written Sentencing Order" pursuant to the Right to Know Law (RTKL).[1]  We affirm.

Requester is an inmate at the State Correctional Institution at Dallas (SCI-Dallas).  Certified Record (C.R.) Item 5.  On May 12, 2016, Requester submitted his Request seeking "a true and correct copy of the 'Written Sentencing Order' which is signed by the Judge and contains the Statutory Authorization and

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101 – 67.3104.

what Statute I was sentenced under pertaining to **Case No. CP-22-CR-3066-2003**." C.R. Item 1. The Department's Open Records Officer (ORO) granted the request and sent Requester a copy of his sentencing order signed by the sentencing judge. *Id.*

On June 2, 2016, Requester filed an appeal with OOR alleging that the document that the ORO sent was not responsive to his request because "[t]he order is/should derive from a public hearing held in the Court of Common Pleas of Dauphin County [(trial court)], as such is part of public record as well as made susceptible to the Rules of Law." C.R. Item 1. In response, the Department asserted that the Request was granted and that Requester was provided with a signed copy of his sentencing order. C.R. Item 3. The Department also denied that there were any other responsive records to his request in its possession, custody, or control and submitted the attestation of Diane Yale, the Records Supervisor at SCI-Dallas. *Id.*

On June 25, 2016, OOR issued the Final Determination denying Requester's appeal stating, in relevant part:

> Under the RTKL, an affidavit may serve as sufficient evidentiary support. *See Sherry v. Radnor Twp. Sch. Dist.*, 20 A.3d 515, 520-21 ([Pa. Cmwlth.] 2011); *Moore v. Office of Open Records*, 992 A.2d 907, 909 ([Pa. Cmwlth.] 2010). In the absence of any evidence that the Department has acted in bad faith or that the records do, in fact, exist, "the averments in [the affidavit] should be accepted as true." *McGowan v. Pa. Dep't of Envtl. Prot.*, 103 A.3d 374, 382-83 ([Pa. Cmwlth.] 2014) (citing *Office of the Governor v. Scolforo*, 65 A.3d 1095, 1103 ([Pa. Cmwlth.] 2013)). Based on the evidence provided, the Department has met its burden of proof that it does not possess additional records that are sought in the Request.

2

C.R. Item 5. Requester filed a timely petition for review.

On appeal,[2] Requester does not challenge OOR's Final Determination upholding the Department's response to his Request. Rather, Requester argues that: (1) the Department erred as a matter of statutory law when it accepted and committed him without a proper and legal sentencing order; (2) he is entitled to relief where the trial court failed to provide a legal and proper sentencing order to the Department as required by law; and (3) the trial court erred as a matter of law in failing to state what statute authorized to impose his sentence because it lacked such power and authority.[3] Petitioner's Brief at 4, 8-27. Based on the foregoing, Requester asks this Court to "find that [his] Constitutional and Civil Rights are being violated by his unlawful and illegal detention and confinement in the custody of the [Department] without the proper and legal documents that were/[are] required to make such a detention legal and **GRANT** [him] a **REMAND** of this

---

[2] This Court's standard of review of OOR's Final Determination is *de novo* and our scope of review is plenary. *Bowling v. Office of Open Records*, 75 A.3d 453, 477 (Pa. 2013).

[3] Requester's brief also contains the following disclaimer:

> **INVOKING ALL OF THE ABOVE IT IS NOT AND WAS NOT THIS PETITIONER'S INTENTION OR AIM TO APPEAL THE FINDINGS OF THE [DEPARTMENT'S RTKL] OFFICE OR THE [OOR] STATING THAT THE WRITTEN JUDGMENT OF SENTENCE ORDER IS NOT IN THEIR POSSESSION AND IT HAS ALWAYS BEEN HIS AIM TO CHALLENGE HIS DETENTION AND CONFINEMENT BEING UNCONSTITUTIONAL WITHOUT THIS LAWFUL DOCUMENT, THE FACT OF THE MATTER IS THAT THE [DEPARTMENT'S] AFFIDAVIT SUPPORTS HIS CLAIMS.**

Petitioner's Brief at 27 (emphasis in original).

matter to the [trial court] to file a **"Writ of Habeas Corpus Ad Subjiciendum"** in the true interest of justice." *Id.* at 28 (emphasis in original).

As this Court has explained:

> The RTKL is a statute that grants citizens, in certain specified circumstances, the right to obtain public records from government agencies, "in order to prohibit secrets, scrutinize the actions of public officials, and make public officials accountable for their actions." *Bowling v. Office of Open Records*, 990 A.2d 813, 824 (Pa. Cmwlth. 2010) (*en banc*), [*aff'd*, 75 A.3d 453 (Pa. 2013)]. If an individual requests a public record and a government agency denied the request, the individual can appeal the decision to the trial court or the OOR and then to this Court. *See* Sections 1101, 1301 and 1302 of the RTKL, 65 P.S. §§67.1101, 1301, and 1302.
>
> However, the RTKL is not a vehicle through which an individual can collaterally attack the legality of his criminal confinement. The RTKL does not contain any statutory provisions or procedures providing an individual with a right or avenue to declare his underlying judgment of sentence a legal nullity. Indeed, our Supreme Court has held that the Post-Conviction Relief Act [(PCRA), 42 Pa. C.S. §§9541-9546,] is the exclusive state-law remedy for prisoners challenging sentences that are allegedly illegal. *Commonwealth v. Hall*, [771 A.2d 1232 (Pa. 2001)]. Because Requester does not contest the denial of his RTKL request and seeks relief beyond the purview of the RTKL, this Court has no basis upon which to disturb the OOR's final determination.

*Whitaker v. Pennsylvania Department of Corrections*, (Pa. Cmwlth., No. 1781 C.D. 2012, filed March 8, 2013), slip op. at 3-4 (footnotes omitted).[4] As a result,

---

[4] *See* Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code §69.414(a) ("Parties may . . . cite an unreported panel decision of this court issued after January 15, 2008, for its persuasive value, but not as binding precedent.").

4

Requester cannot use the instant appeal as a vehicle to collaterally attack the trial court's judgment of sentence. *Id. See also Moore*, 992 A.2d at 909-10 ("Moore also attempts to raise a due process challenge to his continued confinement . . . . However, an appeal from an OOR order denying Moore's request for access to a public record is not the proper forum to challenge the constitutionality of his continued incarceration."); *Quarles v. Department of Corrections*, (Pa. Cmwlth., No. 901 C.D. 2014, filed November 10, 2014), slip op. at 8-9 ("Like the petitioners in *Moore* and *Whitaker*, Requester here seeks to transform his RTKL appeal into a challenge to his ongoing incarceration. However, in *Moore* and *Whitaker*, we held that such relief was unavailable in a RTKL appeal. Accordingly, Requester's arguments regarding the legality of his sentence are not within the purview of the RTKL, and we will not consider Requester's claims in this RTKL appeal.") (footnote omitted).[5]

Accordingly, OOR's Final Determination is affirmed.


_____
MICHAEL H. WOJCIK, Judge


Senior Judge Leadbetter concurs in the result only.

_____

[5] Moreover, we cannot transfer the matter to the trial court so that Requester can collaterally attack his judgment of sentence. *See, e.g., Quarles*, slip op. at 9 n.8 ("Although Requester asks this Court to transfer this matter to the proper court if we determine that we do not have jurisdiction, we decline to transfer Requester's appellate Petition for Review to the appropriate court of common pleas because a PCRA petition must contain specific pleadings that are not present in Requester's Petition for Review of the OOR's Final Determination. *See* Section 9543 of the PCRA, 42 Pa. C.S. §9543 (setting forth what must be pleaded in a PCRA petition.")). There is simply no legal authority that would authorize this court to transfer this matter as Requester asks, regardless of what Q*uarles* might otherwise suggest.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Vincent V. Huntley,
                                :
                                : No. 1202 C.D. 2016
               Petitioner   :
                                  :
            v.              :
                                  :
Pennsylvania Department
of Corrections,               :
                                  :
             Respondent :

## O R D E R

AND NOW, this 2<u>nd</u>  day of <u>March</u>, 2017, the Final Determination of the Office of Open Records dated June 27, 2016, at AP 2016-0968 is AFFIRMED.

_____

MICHAEL H. WOJCIK, Judge