IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edgar Rogers,                               :
                                            :
                        Petitioner          :
                                            :
            v.                              :  No. 2068 C.D. 2016
                                            :  Submitted:  May 26, 2017
Pennsylvania Department                     :
of Corrections,                             :
                                            :
                        Respondent          :


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                        FILED:  June 28, 2017


           Edgar Rogers (Requester) petitions *pro se* for review of the Final

Determination of the Office of Open Records (OOR) denying his appeal of the

Department of Corrections' (Department) denial of his request (Request) for a

copy of his "Written Judgment of Sentence Order" pursuant to the Right to Know

Law (RTKL).[1]  We affirm.

           Requester is an inmate at the State Correctional Institution at Dallas

(SCI-Dallas).  Certified Record (C.R.) Item 1.  On September 26, 2016, Requester

submitted his Request seeking "a true and correct copy of the original 'Written

Judgment of Sentence Order'" containing "(1) the [judge's] signature; (2) the

---

[1] Act of February 14, 2008, P.L. 6, 65 §§67.101-67.3104.

Statute [he] was sentenced [under]; and (3) the Statutory Authorization pertaining to docket No. CP-51-CR-0408431-1979." *Id.* On October 27, 2016, the Department's Open Records Officer (ORO) denied the request, stating that "[t]he record(s) you requested do not currently exist in the possession of the [Department]." *Id.*

On November 2, 2016, Requester filed an appeal with OOR alleging that the document that the ORO sent was "confusing, due to the fact that this [Written Judgment of Sentence Order] should have been presented to the [Department] upon my commitment" and that "[w]ithout this document, [he is] being held in the custody of the [Department] unlawfully and illegally." C.R. Item 1. In response, the Department reasserted that the "record does not exist within the Department's possession." C.R. Item 3. The Department also provided the attestation of Diane Yale, the Records Supervisor at SCI-Dallas, that the Department does not possess any records that are responsive to his Request. *Id.*

On December 7, 2016, OOR issued the Final Determination denying Requester's appeal stating, in relevant part:

> Under the RTKL, an affidavit may serve as sufficient evidentiary support. *See Sherry v. Radnor Twp. Sch. Dist.*, 20 A.3d 515, 520-21 ([Pa. Cmwlth.] 2011); *Moore v. Office of Open Records*, 992 A.2d 907, 909 ([Pa. Cmwlth.] 2010). In the absence of any evidence that the Department has acted in bad faith or that the records do, in fact, exist, "the averments in [the affidavit] should be accepted as true." *McGowan v. Pa. Dep't of Envtl. Prot.*, 103 A.3d 374, 382-83 ([Pa. Cmwlth.] 2014) (citing *Office of the Governor v. Scolforo*, 65 A.3d 1095, 1103 ([Pa. Cmwlth.] 2013)). Based on the evidence provided, the Department has met its burden of proof that the records requested do not exist

2

in the Department's possession, custody or control.[1] Accordingly, the appeal is **denied**.

* * *

[1]While the Department does not possess the requested sentencing order, there exists a common law right of access to judicial records. *Commonwealth v. Upshur*, 924 A.2d 642 (Pa. 2007). The common law right of access to public judicial records and documents arose from the presumption that judicial proceedings will be open to the public. As the Supreme Court has stated, "[i]t is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 591 (1978) (footnotes omitted). The Pennsylvania Supreme Court has viewed the common law right of access as compelled by many of the considerations that underlie the presumption of public trials. *See Commonwealth v. Fenstermaker*, 530 A.2d 414, 417-18 (Pa. 1987). The records sought, if they exist, may be requested from the issuing court.

C.R. Item 4 (emphasis in original). Requester filed a timely petition for review.

On appeal,[2] Requester does not challenge OOR's Final Determination upholding the Department's response to his Request. Rather, Requester argues that: (1) the Department erred as a matter of law when it accepted and committed him without a proper and legal sentencing order; (2) he is entitled to relief where the sentencing court failed to provide a proper sentencing order to the Department as required by law; and (3) the sentencing court erred as a matter law in failing to state what statute authorized it to impose the sentence that he is now serving.[3]

---

[2] This Court's standard of review of OOR's Final Determination is *de novo* and our scope of review is plenary. *Bowling v. Office of Open Records*, 75 A.3d 453, 477 (Pa. 2013).

[3] Requester's brief also contains the following disclaimer:

**(Footnote continued on next page…)**

3

Petitioner's Brief at 6-7. Based on the foregoing, Requester asks this Court to "find that [his] Constitutional and Civil Rights are being violated by his continued unlawful and illegal detention and confinement in the custody of the [Department] without the proper and legal document that was/is required to make such a detention legal and **GRANT** [him] a **REMAND** of this matter back to the [sentencing court] to file a '**Writ of Habeas Corpus Ad Subjiciendum**' in the interest of justice." *Id*. at 28 (emphasis in original).

As this Court has explained:

> The RTKL is a statute that grants citizens, in certain specified circumstances, the right to obtain public records from government agencies, "in order to prohibit secrets, scrutinize the actions of public officials, and make public officials accountable for their actions." *Bowling v. Office of Open Records*, 990 A.2d 813, 824 (Pa. Cmwlth. 2010) (*en banc*), [*aff'd*, 75 A.3d 453 (Pa. 2013)]. If an individual requests a public record and a government agency denied the request, the individual can appeal the decision to the trial court or the OOR and then

---

**(continued…)**

> **INVOKING ALL OF THE ABOVE IT IS NOT AND WAS NOT THIS PETITIONER'S INTENTION OR AIM TO APPEAL THE FINDINGS OF THE [DEPARTMENT'S RTKL] OFFICE OR THE [OOR] STATING THAT THE WRITTEN JUDGMENT OF SENTENCE ORDER IS NOT IN THEIR [sic] POSSESSION AND IT HAS ALWAYS BEEN HIS AIM TO CHALLENGE HIS DETENTION AND CONFINEMENT BEING UNCONSTITUTIONAL WITHOUT THIS LAWFUL DOCUMENT, THE FACT OF THE MATTER IS THAT THE [DEPARTMENT'S] AFFIDAVIT SUPPORTS HIS CLAIMS.**

Petitioner's Brief at 27 (emphasis in original).

4

to this Court. *See* Sections 1101, 1301 and 1302 of the RTKL, 65 P.S. §§67.1101, 1301, and 1302.

However, the RTKL is not a vehicle through which an individual can collaterally attack the legality of his criminal confinement. The RTKL does not contain any statutory provisions or procedures providing an individual with a right or avenue to declare his underlying judgment of sentence a legal nullity. Indeed, our Supreme Court has held that the Post-Conviction Relief Act [(PCRA), 42 Pa. C.S. §§9541-9546,] is the exclusive state-law remedy for prisoners challenging sentences that are allegedly illegal. *Commonwealth v. Hall*, [771 A.2d 1232 (Pa. 2001)]. Because Requester does not contest the denial of his RTKL request and seeks relief beyond the purview of the RTKL, this Court has no basis upon which to disturb the OOR's final determination.

*Foster v. Pennsylvania Department of Corrections*, ___A.3d___ (Pa. Cmwlth., No. 1805 C.D. 2016, filed April 7, 2017), slip op. at 4-5 (quoting *Whitaker v. Pennsylvania Department of Corrections*, (Pa. Cmwlth., No. 1781 C.D. 2012, filed March 8, 2013), slip op. at 3-4 (footnotes omitted)).[4] As a result, Requester cannot use the instant appeal as a vehicle to collaterally attack the sentencing court's judgment of sentence. *Id. See Moore*, 992 A.2d at 909-10 ("Moore also attempts to raise a due process challenge to his continued confinement . . . . However, an appeal from an OOR order denying Moore's request for access to a public record is not the proper forum to challenge the constitutionality of his continued incarceration."); *Quarles v. Department of Corrections*, (Pa. Cmwlth., No. 901 C.D. 2014, filed November 10, 2014), slip op. at 8-9 ("Like the petitioners in *Moore* and *Whitaker*, Requester here seeks to transform his RTKL appeal into a

---

[4] *See* Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code §69.414(a) ("Parties may . . . cite an unreported panel decision of this court issued after January 15, 2008, for its persuasive value, but not as binding precedent.").

5

challenge to his ongoing incarceration. However, in *Moore* and *Whitaker*, we held that such relief was unavailable in a RTKL appeal. Accordingly, Requester's arguments regarding the legality of his sentence are not within the purview of the RTKL, and we will not consider Requester's claims in this RTKL appeal.") (footnote omitted). *See also Huntley v. Pennsylvania Department of Corrections*, (Pa. Cmwlth., No. 1202 C.D. 2016, filed March 2, 2017), slip op. at 4-5 (quoting *Moore*, *Quarles* and *Whitaker*).[5]

Accordingly, OOR's final determination is affirmed.

_____
MICHAEL H. WOJCIK, Judge

---

[5] Moreover, we cannot remand the matter to the sentencing court so that Requester can collaterally attack his judgment of sentence. There is simply no legal authority for this Court to remand this matter as Requester suggests. *Foster*, ___ A.3d at ___. slip op. at 6 n.5.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edgar Rogers,                               :
                                            :
                    Petitioner              :
                                            :
          v.                                :   No. 2068 C.D. 2016
                                            :
Pennsylvania Department                     :
of Corrections,                             :
                                            :
                    Respondent              :


O R D E R


AND NOW, this 28th day of June, 2017, the order of the Office of Open Records dated December 7, 2016, at No. AP 2016-1911, is AFFIRMED.


_____
MICHAEL H. WOJCIK, Judge