**Michael MOORE, Petitioner**

v.

**OFFICE OF OPEN RECORDS, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 26, 2010.

Decided March 25, 2010.

Michael Moore, petitioner, pro se.

Corinna V. Wilson, Chief Counsel, Harrisburg, for respondent.

Maria G. Macus–Bryan, Asst. Counsel and Suzanne N. Hueston, Chief Counsel, Camp Hill, for intervenor, Pennsylvania Department of Corrections.

BEFORE: PELLEGRINI, Judge, and BUTLER, Judge, and KELLEY, Senior Judge.

OPINION BY Judge PELLEGRINI.

Michael Moore (Moore) petitions *pro se* for review of a final determination of the Office of Open Records (OOR) granting in part and denying in part his request for records held by the Pennsylvania Department of Corrections (Department). Discerning no error in the OOR's decision, we affirm.

Moore is an inmate currently incarcerated at the State Correctional Institute at Dallas. On May 12, 2009, he filed a right-to-know request with the Department pursuant to the Right–to–Know Law (RTKL)[1] seeking copies of his "Order of Commitment" and "Judgment of Sentence." When an Agency Open Records Officer (AORO) receives a right-to-know request, he or she must first determine whether the information requested falls within the RTKL's definition of "record," which is:

Information, regardless of physical form or characteristics, that documents a transaction or activity of an agency and that is created, received or retained pursuant to law or in connection with a

transaction, business or activity of the agency. The term includes a document, paper, letter, map, book, tape, photograph, film or sound recording, information stored or maintained electronically and a data-processed or image-processed document.

Section 102 of the Law, 65 P.S. § 67.102. If the information requested is indeed a record and is in the possession of a Commonwealth agency, it must be made accessible for inspection and duplication unless the record is protected by a privilege, exempt under Section 708 of the RTKL, or exempt from disclosure under other law or court order. Section 305(a) of the Law, 65 P.S. § 67.305(a).

The Department's AORO determined that Moore's "Order of Commitment" was a record in the Department's possession, granted Moore's request in part and provided him with a copy of the record free of charge. However, citing to 65 P.S. § 67.705,[2] the AORO denied Moore's request for a copy of his "Judgment of Sentence" on the grounds that the record "does not currently exist" and that the agency was not required to create a record.

Moore appealed to the OOR claiming that the Department's use of the phrase "does not currently exist" indicated to him that at one point the record did exist and that the Department was required to provide him with a copy of the record. The Department provided the OOR with both an unsworn attestation made subject to the

1. Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104. The new RTKL repealed the former Right–to–Know Law, Act of June 21, 1957, P.L. 390, *as amended, formerly* 65 P.S. §§ 66.1–66.4.

2. Section 705 of the Law, 65 P.S. § 67.705 provides: "[w]hen responding to a request for

access, an agency shall not be required to create a record which does not currently exist or to compile, maintain, format or organize a record in a manner in which the agency does not currently compile, maintain, format or organize the record."

penalty of perjury and a notarized Affidavit of Nonexistence of Record swearing to the non-existence of the "Judgment of Sentence" within the Department's possession.[3] The OOR determined that through submission of these documents,[4] the Department demonstrated that the requested record does not currently exist and that the Department had satisfied its responsibilities under the RTKL. The OOR issued a final determination on July 14, 2009, denying Moore's appeal. Moore now appeals the OOR's final determination to this Court,[5] and the Department appears as Intervenor.

■■■ Moore's sole argument on appeal is that the Department's statement that a judgment of sentence does not *currently exist* leads him to believe that such a record must have existed at some time and, therefore, either the Department or the OOR has a duty to produce the record under the RTKL. However, Moore misinterprets the statutory language, specifically, the use of the word "currently" as used in Section 705 of the RTKL, stating that "an agency shall not be required to create a record which does not *currently exist.*"

65 P.S. § 67.705. Under this provision, whether or not a judgment of sentence existed at some point in time is not the proper standard—the standard is whether such a record is in existence and in possession of the Commonwealth agency at the time of the right-to-know request. The Department searched its records and submitted both sworn and unsworn affidavits that it was not in possession of Moore's judgment of sentence—that such a record does not currently exist. These statements are enough to satisfy the Department's burden of demonstrating the non-existence of the record in question, and obviously the Department cannot grant access to a record that does not exist.[6] Because under the current RTKL the Department cannot be made to create a record which does not exist, the OOR properly denied Moore's appeal.

■ Moore also attempts to raise a due process challenge to his continued confinement. According to Moore, if the record does not exist, then his confinement is invalid because it is illegal for the Department to hold him without a signed judg-

---

3. The unsworn attestation was made by the employee who personally searched the Department's files for any records which would be responsive to Moore's request. The notarized affidavit was made by Andrew Filkosky, the Department's AORO.

4. Under Section 1102 of the RTKL, a requester and the assigned open records officer are permitted "to submit documents in support of their positions" and "[t]he appeals officer may admit into evidence testimony, evidence and documents that the appeals officer believes to be reasonably probative and relevant to an issue in dispute." 65 P.S. §§ 67.1102(a)(1) and (2). The attestation and affidavit of non-existence were certainly probative and relevant to the issue of the existence of Moore's judgment of sentence.

5. In the recently decided case, *Bowling v. Office of Open Records*, 990 A.2d 813 (Pa.

Cmwlth.2010), this Court examined for the first time what our standard and scope of review should be when reviewing orders of the OOR. We determined that for our standard of review, "a reviewing court, in its appellate jurisdiction, independently reviews the OOR's orders and may substitute its own findings of fact for that of the agency." *Bowling*, 990 A.2d at 818. As for the appropriate scope of review, we determined "that a court reviewing an appeal from an OOR hearing officer is entitled to the broadest scope of review." *Bowling*, 990 A.2d at 820.

6. While decided under the previous RTKL, our decision in *Bargeron v. Unemployment Compensation Board of Review*, 720 A.2d 500 (Pa.Cmwlth.1998), is instructive on this matter.

ment of sentence.[7] However, an appeal from an OOR order denying Moore's request for access to a public record is not the proper forum to challenge the constitutionality of his continued incarceration.

Accordingly, the final determination of the OOR is affirmed.

## ORDER

AND NOW, this *25th* day of *March*, 2010, the final determination of the Office of Open Records, dated July 14, 2009, is hereby affirmed.

---

**7.** In support of this position, Moore refers in his brief to 42 Pa.C.S. § 9764(a)(8), which states that "[u]pon commitment of an inmate to the custody of the Department of Corrections, the sheriff or transporting official shall provide to the institution's records officer or duty officer ... [a] copy of the sentencing order and any detainers filed against the inmate which the county has notice."