IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Logan,                                    :
                        Petitioner             :
                                               :
            v.                                 :    No. 1203 C.D. 2016
                                               :    SUBMITTED:  January 6, 2017
Department of Corrections,                     :
                        Respondent             :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE JULIA K. HEARTHWAY, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
JUDGE HEARTHWAY                    FILED:  March 3, 2017


        John Logan, *pro se*, petitions for review of the July 6, 2016, final determination of the Office of Open Records (OOR), which dismissed Logan's appeal from the Department of Corrections' (Department) open records officer's (Records Officer) decision granting Logan's Right-to-Know Law (RTKL) request.[1] We affirm.


        On May 12, 2016, Logan filed a RTKL request with the Record Officer requesting "'the Written Sentence Order' which was signed by the Judge and contains the Statutory Authorization, and the Statute I was sentenced

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101 – 67.3104.

under…." (RTKL Request, 5/12/16, at 1.) By letter dated May 18, 2016, the Records Officer granted Logan's request and provided the responsive record at no charge.[2] (Records Officer Response, 5/18/16, at 1.)

On June 9, 2016, the OOR received Logan's appeal, alleging a partial denial of the requested record. Logan stated that the document he received did not have the statutory authorization he requested, the statutes that he was sentenced under, and was not signed by a judge. (Logan Appeal, 6/9/16, at 2.) Logan further set forth that the document he received was not a sentencing order, as he requested. (*Id.*)

On June 10, 2016, the Department submitted a position statement, setting forth that the requested record was provided and that no other records responsive to Logan's request exist in the Department's possession, custody or control. The Department also submitted an attestation from the Records Supervisor at the State Correctional Institution at Dallas, who attested that a search was conducted and that no other records responsive to Logan's request exist in the Department's possession, custody or control. Logan did not submit any evidence challenging the Department's attestation.

---

[2] The Records Officer initially responded to Logan's RTKL request on May 16, 2016, advising Logan that it would require up to an additional 30 days to respond to Logan's request. (Records Officer Response, 5/18/16, at 1.)

By final determination mailed July 6, 2016, the OOR denied Logan's appeal based upon the attestation of the Department. Logan now petitions this Court for review.[3]

> Logan sets forth the following issues for our review:
>
> I. Did the Department . . . err as a matter of Statutory Law when it accepted and committed [Logan] without a proper and legal sentencing order which contained all three of the required elements and where the Department has stated that this document does not exist in its possession thereby making [Logan's] incarceration unlawful and illegal.
> . . .
> II. Is [Logan] entitled to relief where the lower court failed to provide a legal and proper sentencing order to the Department . . . as required by law which failed to state what statute [Logan] was sentenced under thereby entitling him to have his case remanded to the lower court for re-sentencing under the proper and correct statute.
> . . .
> III. Did the lower court err[] as a matter of statutory law when it failed to state what statutory authorization gave it the authority to impose the sentence of life without parole where it lacked both that authority and power to impose[] such a sentence.

(Logan's Brief, at 4 (capitalization omitted).)

To the extent that Logan is attempting to raise a challenge to his continued confinement, an appeal from the OOR's denial of a RTKL request is not

---

[3] Our standard of review under the RTKL is *de novo*, and we may adopt the agency's findings or substitute them with our own. *Bowling v. Office of Open Records*, 75 A.3d 453, 474 (Pa. 2013). Our scope of review under the RTKL is plenary. *Id.* at 476.

the proper forum.[4]  *See Moore v. Office of Open Records*, 992 A.2d 907, 909-10 (Pa. Cmwlth. 2010).

With respect to Logan's RTKL appeal, the OOR denied Logan's appeal based upon the Department's attestation that no responsive records exist within its possession, custody or control, other than the record that was provided. "[T]he Department cannot be made to create a record which does not exist." *Id.* at 909.  If the agency responding to the RTKL request determines that the record does not exist, it has "[t]he burden of proving [that the] record does not exist." *Hodges v. Pennsylvania Department of Health*, 29 A.3d 1190, 1192 (Pa. Cmwlth. 2011). "[A]n agency may satisfy its burden of proof that it does not possess a requested record with either an unsworn attestation by the person who searched for the record or a sworn affidavit of nonexistence of the record." *Id.*; *see Moore*, 992 A.2d at 909 (finding that an unsworn attestation and a notarized affidavit swearing to the non-existence of a record were enough to satisfy the department's burden of demonstrating the record's non-existence).  In the absence of any competent evidence that the agency acted in bad faith or that the agency records exist, "the averments in the [d]epartment's affidavits should be accepted as true." *McGowan v. Pennsylvania Department of Environmental Protection,* 103 A.3d 374, 382-83 (Pa. Cmwlth. 2014).  Therefore, the Department established that it does not possess any further records requested by Logan.

---

[4] The Post Conviction Relief Act provides the means through which convicted persons may seek to collaterally challenge their convictions.  42 Pa.C.S. §§ 9541-9546.

4

Accordingly, we affirm.

_____
JULIA K. HEARTHWAY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Logan,                              :
                    Petitioner            :
                                         :
        v.                               :  No. 1203 C.D. 2016
                                         :
Department of Corrections,               :
                    Respondent           :


O R D E R


AND NOW, this 3rd day of March, 2017, the order of the Office of Open Records in the above-captioned matter is affirmed.


_____
JULIA K. HEARTHWAY, Judge