# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Donnie Dozier, :
                Petitioner :
             :
          v. : No. 1613 C.D. 2016
             : Submitted: January 13, 2017
Department of Corrections, :
              Respondent :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE JULIA K. HEARTHWAY, Judge
              HONORABLE DAN PELLEGRINI, Senior Judge


<u>OPINION NOT REPORTED</u>


MEMORANDUM OPINION BY
**JUDGE COHN JUBELIRER**             **FILED: March 16, 2017**


Donnie Dozier (Requester), pro se, petitions for review of the Final Determination of the Office of Open Records (OOR), denying his appeal of the Department of Corrections' (Department) grant of his request (Request) for a copy of his "Written Judgment of Sentence Order" pursuant to the Right-to-Know Law (RTKL).[1] We affirm.

Requester is an inmate at the State Correctional Institution at Dallas (SCI-Dallas). (Request, C.R. at Item 1.) On July 27, 2016, Requester filed a "Standard Right-to-Know Request Form" seeking "a true and correct copy of the 'Written

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101 – 67.3104.

Judgment of Sentence Order' which contains the Judge[']s Signature, the Statute that I was sentenced under, and the Statutory Authorization, for docket No. 3576-CR-2012." (Id.) The Department granted the Request by letter dated August 2, 2016, and provided Requester with a Sentencing Order dated June 11, 2013, signed by Judge Scott Arthur Evans of the Court of Common Pleas of Dauphin County. (C.R. at Items 1, 3.)

Requester appealed the Department's decision to OOR on August 18, 2016. In his appeal, Requester alleged that he was denied "[a] proper and correct Judgment of Sentence Order/Stat[ut]ory Authorization si[gn]ed by the judge and what statute I was sentenced under." (Appeal to OOR, C.R. at Item 1.) Requester further alleged that the "document requested i[s] a public record and should be/or should have been in the . . . [Department's] possession." (Id.) The Department responded to Requester's appeal by denying that it had any other responsive records but for the Sentencing Order provided to Requester and arguing that the appeal should be dismissed. (C.R. at Item 3.) In support of its allegation, the Department submitted the attestation of SCI-Dallas' Records Supervisor. Therein, the Records Supervisor declared that if the records existed, they would be in her possession, and that other than the record provided to Requester, "[n]o other responsive records exist within [her] custody, possession[,] or control." (Id.)

OOR denied Requester's appeal in a Final Determination dated September 13, 2016. OOR considered the attestation of the Records Supervisor and reasoned that an affidavit, like the attestation of the Records Supervisor, "may serve as sufficient evidentiary support for the nonexistence of records." (Final Determination at 2 (citing Sherry v. Radnor Twp. Sch. Dist., 20 A.3d 515, 520-21 (Pa. Cmwlth. 2011) and Moore v. Office of Open Records, 992 A.2d 907, 909 (Pa.

Cmwlth. 2010)).) OOR further noted that Requester did not submit any evidence challenging the Records Supervisor's attestation. (Id. at 1). OOR held that, based on the Records Supervisor's attestation and the lack of a response from Requester, "the Department has met its burden of proving that the requested records have been provided, and that to the extent the Request seeks other records, those records do not exist in the Department's possession, custody[,] or control." (Id. at 2.) Requester now petitions this Court for review.[2]

Although Requester filed a Petition for Review, a vehicle seeking appellate review of a determination by a government agency, the Petition for Review specifically states:

> This appeal is not agai[ns]t the partial denial of my [RTKL] request[,] but against the fact that without th[e requested] document[,] I am being held unlawfully and illegally. My Petition for Review is seeking a **"Remand"** to the lower court with instruction[s] to allow me to file a Habeas Corpus to address these facts.

(Petition for Review at 1 (emphasis in original).) In his brief in support of his Petition for Review, Requester argues that his confinement is illegal because the Department was never provided with the legal documents required to commit him into the custody of the Department. Requester contends that "he is entitled by law to have his case remanded back to the lower court . . . to properly address the matter of what if any statute he was sentence[d] under and what statut[e] authorized the judge to impose said sentence." (Requester's Br. at 15.)

We addressed arguments almost identical to those raised by Requester in Huntley v. Pennsylvania Department of Corrections (Pa. Cmwlth., No. 1202 C.D.

_____

[2] Our standard of review of Final Determinations of OOR is *de novo* and our scope of review is plenary. Bowling v. Office of Open Records, 75 A.3d 453, 477 (Pa. 2013).

3

2016, filed March 2, 2017), slip op. at 3-5; Quarles v. Department of Corrections (Pa. Cmwlth., No. 901 C.D. 2014, filed November 10, 2014), slip op. at 7-9; and Whitaker v. Department of Corrections (Pa. Cmwlth., No. 1781 C.D. 2012, filed March 8, 2013), slip op. at 3-4.[3] In each of the above cases, we affirmed OOR's Final Determination because a requester cannot "transform his RTKL appeal into a challenge to his ongoing incarceration." Quarles, slip op. at 8; see also Huntley, slip op. at 5 ("Requester cannot use the instant appeal as a vehicle to collaterally attack the trial court's judgment of sentence"); Whitaker, slip op. at 3 ("the RTKL is not a vehicle through which an individual can collaterally attack the legality of his criminal confinement"). Like the requester in those cases, Requester here attempts to use his appeal of OOR's denial of his RTKL Request to challenge his continued confinement and asks this Court to transfer this case to common pleas. Because Requester's arguments made in his Petition for Review are beyond the purview of OOR's Final Determination, we will not review Requester's arguments and will not transfer the matter to common pleas.[4] Accordingly, OOR's Final Determination is affirmed.

_____
**RENÉE COHN JUBELIRER,** Judge

---

[3] Huntley, Quarles, and Whitaker are unreported panel decisions of this Court. Pursuant to Section 414(a) of this Court's Internal Operating Procedures, an unreported panel decision issued by this Court after January 15, 2008, may be cited "for its persuasive value, but not as binding precedent." 210 Pa. Code § 69.414(a).

[4] Pursuant to Section 9545(a) of the Post-Conviction Relief Act (PCRA), the courts of common pleas have original jurisdiction over PCRA proceedings, and "[n]o court shall have authority to entertain a request for any form of relief in anticipation of the filing of a petition under this subchapter." 42 Pa. C.S. § 9545(a).

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Donnie Dozier,                             :

                    Petitioner        :

                               :

            v.                   :     No. 1613 C.D. 2016

                               :

Department of Corrections,     :

                  Respondent   :

**O R D E R**

**NOW**, March 16, 2017, the Final Determination of the Office of Open Records, entered in the above-captioned matter, is **AFFIRMED**.

 

                                      _____

                                      **RENÉE COHN JUBELIRER,** Judge