# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edward Ball, :
:
          Petitioner :
:
      v. : No. 1637 C.D. 2016
: Submitted: March 31, 2017
Pennsylvania Department of :
Corrections, :
:
          Respondent :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                   **FILED:  May 23, 2017**

Before this Court is the petition for review of Edward Ball (Petitioner), *pro se*, of the final determination issued by the Office of Open Records (OOR) on September 20, 2016, which provided that, pursuant to the Pennsylvania Right to Know Law[1] (RTKL) the Pennsylvania Department of Corrections (Department) was "not required to take any further action." We affirm.

Petitioner filed a RTKL request on August 4, 2016 seeking his "written judgment of sentence order." (Record Item (R. Item) 1, RTKL Request.) On August 16, 2016, the Department mailed a letter to Petitioner in response to his request along with a copy of Petitioner's October 13, 2017 sentencing order issued by the Court of Common Pleas of Northampton County. (*Id*., Department

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

Response Letter with Sentencing Order.) Petitioner appealed to OOR on the basis that the document produced by the Department was not the "proper requested document." (*Id*., Appeal to OOR.) In response to Petitioner's appeal, the Department provided a declaration from its Open Records Officer, Andrew Filkosky, attesting under the penalty of perjury that a reasonable search was conducted and to the extent that Petitioner was "requesting different records than what were provided in the response," no other responsive records existed in the Department's possession, custody or control. (R. Item 3, Department Submission to OOR & Declaration.) On September 20, 2016, OOR issued a final determination denying Petitioner's appeal and concluding that because the Department had met its burden of demonstrating that it had conducted a reasonable search and that no additional responsive records existed in its possession, custody or control, the Department was not required to take any further action in response to Petitioner's RTKL request. (R. Item 4, OOR Final Determination.) OOR also noted that if the records sought by Petitioner existed, Petitioner had a common law right of access to judicial records and could request the records from the issuing court. (*Id*.) Petitioner appealed OOR's final determination to this Court.[2]

Before this Court, Petitioner does not challenge OOR's final determination. To the contrary, Petitioner relies upon OOR's final determination to argue that because the Department does not have the record he requested, he is being illegally detained in the Department's custody in violation of Pennsylvania statute and the United States Constitution. Therefore, rather than reverse OOR's final determination, Petitioner requests that this Court either issue a Writ of Habeas

---

[2] Our scope of review under the RTKL is plenary and our standard of review is *de novo*; we may substitute our own findings of fact for that of the agency or rely upon the record created below. *Bowling v. Office of Open Records*, 75 A.3d 453, 477 (Pa. 2013).

Corpus without delay to release him from the Department's custody or transfer his appeal of OOR's Final Determination to the Court of Common Pleas so that Petitioner may file a Petition for Writ of Habeas Corpus.

Petitioner's use of the appeals process provided by the RTKL to challenge his criminal confinement is not unprecedented. In *Moore v. Office of Open Records*, 992 A.2d 907 (Pa. Cmwlth. 2010), Michael Moore, like Petitioner an inmate confined in the State Correctional Institution at Dallas (SCI-Dallas), appealed to this Court from a final determination issued by OOR that concluded the Department was not required to take further action on Mr. Moore's request because the Department had demonstrated that a record of Mr. Moore's "Judgement of Sentence," did not exist in its possession, custody or control. *Id*. at 909. This Court rejected Mr. Moore's attempt to use his appeal from OOR's final determination to challenge his continued confinement, stating

> According to [Mr.] Moore, if the record does not exist, then his confinement is invalid because it is illegal for the Department to hold him without a signed judgment of sentence. However, an appeal from an OOR order denying [Mr.] Moore's request for access to a public record is not the proper forum to challenge the constitutionality of his continued incarceration.

*Id*. at 910 (footnote omitted). Petitioner and Mr. Moore are not alone in their *pro se* efforts to use the RTKL to request that the Department produce a written judgment of sentence, and then attempt to use the appeals process under the RTKL to challenge their confinement when the Department has responded to the RTKL request with a sentencing order specific to each inmate issued by the court of common pleas and an attestation that no other responsive records exist in the

3

Department's possession, custody or control. In each of the following cases, an inmate from SCI-Dallas has followed the same path in order to use the RTKL as a vehicle to attempt to collaterally attack the validity of their sentence: *Foster v. Pennsylvania Department of Corrections*, __ A.3d __ (Pa. Cmwlth. No. 1805 C.D. 2016, filed April 7, 2017), 2017 WL 1289242; *Sturgis v. Department of Corrections*, 96 A.3d 445 (Pa. Cmwlth. 2014); *Dozier v. Department of Corrections*, (Pa. Cmwlth. No. 1613 C.D. 2016, filed March 16, 2017) (unpublished); *Logan v. Department of Corrections*, (Pa. Cmwlth. No. 1203 C.D. 2016, filed March 3, 2017) (unpublished); *Huntley v. Pennsylvania Department of Corrections*, (Pa. Cmwlth. No. 1202 C.D. 2016, filed March 2, 2017) (unpublished); *Gates v. Pennsylvania Department of Corrections*, (Pa. Cmwlth. No. 441 C.D. 2014, filed July 9, 2014) (unpublished).[3]

In each one of these cases, this Court has made clear that the RTKL is not a means by which a requester can attack the legality of the requester's criminal confinement. The RTKL is a statute that permits an individual to request and receive access to a public record; the RTKL provides no other rights to a requestor. This Court may affirm or reverse a final determination issued by OOR pursuant to the RTKL. An appeal from a final determination issued by OOR to this Court does not provide a forum for review of legal claims beyond the scope of the RTKL. In addition, an appeal from a final determination issued by OOR that raises a challenge to a requester's ongoing incarceration cannot be transferred to another

---

[3] Identical arguments were made in *Quarles v. Department of Corrections*, (Pa. Cmwlth. No. 901 C.D. 2014, filed November 10, 2014) (unpublished), and *Whitaker v. Pennsylvania Department of Corrections*, (Pa. Cmwlth. No. 1781 C.D. 2012, filed March 8, 2013) (unpublished), although Mr. Quarles was a resident at SCI-Graterford and Mr. Whitaker at SCI-Coal Township at the time of their requests.

court. If a requester wants to challenge his confinement, the requester must do so by filing an original action in a court of competent jurisdiction.

In the instant matter, Petitioner does not argue that OOR erred in its final determination. Following review of the record, we discern no error and affirm the final determination issued by OOR.

_____
**JAMES GARDNER COLINS, Senior Judge**

5

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edward Ball,                           :
                                       :
                  Petitioner           :
                                       :
      v.                               : No. 1637 C.D. 2016
                                       :
Pennsylvania Department of             :
Corrections,                           :
                                       :
                  Respondent           :

## O R D E R

AND NOW, this 23rd day of May, 2017, the final determination issued by the Office of Open Records in the above-captioned matter is hereby AFFIRMED.

 

 

**JAMES GARDNER COLINS, Senior Judge**