# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stephen Person, : 
                  Petitioner : 
                                     : 
             v. :   No. 1763 C.D. 2016
                                     :   Submitted: April 7, 2017
Department of Corrections, : 
                  Respondent : 

BEFORE:    **HONORABLE RENÉE COHN JUBELIRER,** Judge
                    **HONORABLE ANNE E. COVEY,** Judge
                    **HONORABLE JAMES GARDNER COLINS,** Senior Judge

<u>**OPINION NOT REPORTED**</u>

**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**                  **FILED: June 29, 2017**

Stephen Person (Petitioner), *pro se*, petitions for review of the Final Determination issued by the Office of Open Records (OOR) on October 11, 2016, which found that no further action was required of the Pennsylvania Department of Corrections (Department) in regard to the procurement of documents requested by Petitioner pursuant to the Pennsylvania Right to Know Law (RTKL).[1] Petitioner does not dispute the determination of the Department or that of the OOR, but seeks instead to challenge the legality of his criminal confinement. (Petitioner's Br. at 15, 27.) Because Petitioner does not contest the denial of his RTKL request and

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

seeks relief that is beyond the scope of a RTKL appeal, this Court has no basis upon which to reverse the OOR's Final Determination. Accordingly, we affirm.

Petitioner is currently an inmate at the State Correctional Institution at Dallas (SCI-Dallas). He filed a RTKL request, dated August 10, 2016, with the Department's Agency Open Records Officer (AORO), seeking a copy of his "Written Judgment of Sentence Order."[2] (Certified Record (C.R.) Item 1 at 4.) In a letter dated August 30, 2016, the AORO denied Petitioner's request because the sentencing order did not "currently exist in the possession of the Department."[3] (C.R. Item 1 at 3.) Petitioner then appealed to the OOR. In response, the Department submitted an attestation signed by Diane Yale, the Corrections Records Supervisor at SCI-Dallas, attesting in relevant part: "If the specific records requested above were in the possession of this Institution, they would be retained as official records in files within my custody. After a reasonable search, no responsive records exist within my custody, possession or control." (C.R. Item 3 at 2.) Before the OOR, Petitioner did not submit evidence to challenge the Department's attestation. (C.R. Item 4 at 1.) The OOR subsequently issued a Final Determination on October 11, 2016, denying Petitioner's appeal, finding that the Department "met its burden of proving that the records requested do not exist

---

[2] Petitioner notes on his RTKL request form that the sentencing order he requested should include "(1) the [s]ignature of the Judge; (2) the [s]tatute [Petitioner] was sentenced under; and (3) the [s]tatutory [a]uthorization." (C.R. Item 1 at 4.)

[3] This basis for denial is permitted under Section 705 of the RTKL, 65 P.S. § 67.705, which provides "an agency shall not be required to create a record which does not currently exist." *See also Moore v. Office of Open Records*, 992 A.2d 907, 909 (Pa. Cmwlth. 2010) (holding that the Department was not required to create a record that did not exist in order to satisfy a RTKL request).

in the Department's possession, custody or control." (C.R. Item 4.) Petitioner thereafter appealed to this Court.[4]

Petitioner makes clear that he does not appeal the Final Determination of the OOR. Rather, Petitioner seeks to challenge the legality of his detention and confinement, stating:

> IT IS NOT AND WAS NOT THIS PETITIONER'S INTENTION OR AIM TO APPEAL THE FINDINGS OF THE [DEPARTMENT] OR THE [OOR] STATING THAT THE WRITTEN JUDGMENT OF SENTENCE ORDER IS NOT IN THEIR POSSESSION[.] IT HAS ALWAYS BEEN HIS AIM TO CHALLENGE HIS DETENTION AND CONFINEMENT BEING UNCONSTITUTIONAL WITHOUT THIS LAWFUL DOCUMENT. . . .

(Petitioner's Br. at 27 (emphasis in original); *see also id.* at 15 ("It should be duly noted that Petitioner is not appealing the decision of the [Department] RTKL office, or the [] OOR partial denial of the request for said document, he is in fact challenging his confinement and detention.").) The main thrust of Petitioner's argument is that if his sentencing order does not exist in the possession of the Department, his incarceration must be illegal.[5] (*Id.* at 9.) Petitioner, therefore, requests that this Court remand this matter to the Court of Common Pleas and allow Petitioner to file a Writ of Habeas Corpus. (*Id*. at 28.)

---

[4] In reviewing appeals from determinations of the OOR, this Court's standard of review is *de novo*. *See Bowling v. Office of Open Records*, 990 A.2d 813, 818 (Pa. Cmwlth. 2010), *aff'd by* 75 A.3d 453 (Pa. 2013).

[5] In support of this argument, Petitioner cites Section 9764(a)(8) of the Judicial Code, 42 Pa. C.S. § 9764(a)(8), which provides: "Upon commitment of an inmate to the custody of the Department of Corrections, the sheriff or transporting official shall provide to the institution's records officer or duty officer . . . [a] copy of the sentencing order and any detainers filed against the inmate which the county has notice."

3

This Court, however, has held that an appeal from an OOR determination denying access to records is "not the proper forum to challenge the constitutionality of [] continued incarceration." *Moore v. Office of Open Records*, 992 A.2d 907, 910 (Pa. Cmwlth. 2010). In two recent cases almost identical to Petitioner's, inmates unsuccessfully attempted to use the RTKL appeals process to collaterally attack their criminal confinement before this Court. In *Foster v. Pennsylvania Department of Corrections*, __ A.3d __ (Pa. Cmwlth., No. 1805 C.D. 2016, filed April 7, 2017), the incarcerated petitioner requested a copy of his "Written Judgment of Sentence Order" from the Department's records officer. When the records officer denied the request, the petitioner appealed to the OOR without presenting any evidence to contradict the Department's affidavit, which attested that the Department did not possess the record sought by the petitioner. The OOR denied petitioner's appeal. The petitioner thereafter appealed to this Court requesting a remand to the court of common pleas to file a Writ of Habeas Corpus. This Court affirmed the determination of the OOR, reasoning that "[petitioner] cannot use the [RTKL] appeal as a vehicle to collaterally attack the sentencing court's judgment of sentence. *Foster*, __ A.3d at __, slip op. at 5 (citing *Whitaker v. Pa. Dep't of Corr.*, (Pa. Cmwlth., No. 1781 C.D. 2012, filed March 8, 2013), slip op. at 3-4).

Similarly, in *Morrison v. Pennsylvania Department of Corrections*, __ A.3d __ (Pa. Cmwlth., No. 2002 C.D. 2016, filed May 23, 2017), slip op. at 4, on appeal to this Court from the denial of a RTKL request, the petitioner stated in his brief that it was "'not [his] intention or aim to appeal the findings of . . . the [OOR] . . . [.] [I]t has always been his aim to challenge his detention.'" This Court ruled that "[b]ecause in this case [petitioner] does not challenge the OOR's denial of his

4

appeal, but rather seeks relief outside the RTKL, this Court must affirm the OOR's Final Determination." *Morrison*, __ A.3d at __, slip op. at 5.

Here, like the petitioners in *Foster* and *Morrison*, Petitioner seeks to collaterally attack his criminal confinement through his RTKL appeal. His request for a remand to the Court of Common Pleas in order to file a Writ of Habeas Corpus is outside the scope of a RTKL appeal. Because Petitioner neither argues that the OOR erred in its Final Determination, nor provides evidence contradicting the Department's signed attestation, Petitioner fails to provide a basis upon which this Court might reverse the OOR's decision. Therefore, we affirm.

_____
**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stephen Person,                  :

            Petitioner     :

                        :

            v.             :    No. 1763 C.D. 2016

                        :

Department of Corrections,    :

            Respondent   :

## O R D E R

**NOW**, June 29, 2017, the Final Determination of the Office of Open Records, entered in the above-captioned matter dated October 11, 2016, is **AFFIRMED.**

 

 

_____

**RENÉE COHN JUBELIRER,** Judge