# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thaddeus Saunders,                         :
                    Petitioner             :
                                           :
          v.                               :    No. 223 C.D. 2017
                                           :    Submitted: July 28, 2017
Department of Corrections,                 :
                    Respondent             :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE DAN PELLEGRINI, Senior Judge


**OPINION BY JUDGE BROBSON**          **FILED:  October 11, 2017**


Thaddeus Saunders (Petitioner), acting *pro se*, petitions for review of a Final Determination of the Office of Open Records (OOR), issued January 20, 2017, which found that no further action was required of the Pennsylvania Department of Corrections (Department) in regard to Petitioner's request under Pennsylvania's Right-to-Know Law.[1]  For the reasons set forth below, we affirm.

Petitioner is an inmate incarcerated at the State Correctional Institution at Rockview (SCI-Rockview).  Petitioner filed a Right-to-Know Law request with the Department's Open Records Officer, seeking a copy of the "sentencing order from the Common Pleas Court of Philadelphia County," pursuant to which he is incarcerated.  (Certified Record (C.R.), Item No. 1, App. "A".)  Petitioner identified three docket numbers for "term 12/74" and wrote that the "sentencing order should contain the statute that I was sentenced under."  (*Id.*)  The Department's Open Records Officer denied Petitioner's request on the grounds that "[t]he record(s) that

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-.3104.

[Petitioner] requested do not currently exist in the possession of the Department." (C.R., Item No. 1, App. "B".)

Petitioner appealed to the OOR. In response, the Department submitted an attestation signed by Andrew Filkosky, one of the Department's Open Records Officers, stating, in pertinent part: "As part of my job duties I reviewed the request and researched it to determine whether any of the requested records exist within the Department's possession. . . . After a reasonable search, no responsive records currently exist within the Department's custody, possession[,] or control." (C.R., Item No. 3, Attachment.) The OOR subsequently issued a Final Determination on January 20, 2017, denying Petitioner's appeal, finding that the Department "has met its burden of proving that no responsive records exist in the Department's possession, custody, or control." (C.R., Item No. 4 at 2.) Petitioner thereafter petitioned this Court for review.

On appeal,[2] Petitioner argues that Section 9764(a)(8) of the Sentencing Code, 42 Pa. C.S. § 9764(a)(8), relating to information required upon commitment and subsequent disposition, creates a presumption that the requested sentencing order(s) exist in the possession, custody, or control of the Department, and, therefore, the OOR's final determination should be reversed. We disagree.

> Section 9764(a)(8) of the Sentencing Code provides, in part:
>
> (a) General rule.--Upon commitment of an inmate to the custody of the Department of Corrections, the sheriff or transporting official *shall provide to the institution's*

---

[2] On appeal from the OOR in a Right-To-Know Law case, this Court's standard of review is *de novo*, and our scope of review is plenary. *Bowling v. Office of Open Records*, 75 A.3d 453, 477 (Pa. 2013).

> *records officer or duty officer* . . . the following information:
>
> . . . .
>
> (8) *A copy of the sentencing order* and any detainers filed against the inmate which the county has notice.

(Emphasis added.) The Department may refuse to accept custody of an inmate for whom the sheriff or transporting official does not provide the information required by Section 9764(a) of the Sentencing Code if certain circumstances are met. *See* Section 9764(c.1)(1) of the Sentencing Code, 42 Pa. C.S. § 9764(c.1)(1).

Petitioner maintains that, because Section 9764(a)(8) of the Sentencing Code requires the sheriff or transporting official to provide a copy of the inmate's sentencing order to the state correctional institution upon commitment, the Department must have received and had in its possession, custody, or control Petitioner's sentencing order at the time he was committed, and, therefore, Petitioner is entitled to a presumption that the sentencing order exists as a record of the Department. Petitioner further contends that the OOR erred in accepting the affidavit as proof of the nonexistence of the sentencing order. In other words, Petitioner contends that he was entitled to a presumption that the sentencing order is within the Department's possession, custody, or control, and an affidavit to the contrary is insufficient to rebut the presumption.

Section 705 of the Right-to-Know Law, 65 P.S. § 67.705, provides that, "[w]hen responding to a request for access, an agency shall not be required to create a record which does not currently exist or to compile, maintain, format or organize a record in a manner in which the agency does not currently compile, maintain, format or organize the record." In *Moore v. Office of Open Records*, 992 A.2d 907 (Pa. Cmwlth. 2010), we examined the Department's obligations under the Right-to-Know Law when the Department contends that an inmate's sentencing order "does

3

not *currently exist*" in the Department's possession, custody, or control. *Moore*, 992 A.2d at 909 (emphasis in original). In *Moore*, we opined:

> Moore's sole argument on appeal is that the Department's statement that a judgment of sentence does not *currently exist* leads him to believe that such a record must have existed at some time and, therefore, either the Department or the OOR has a duty to produce the record under the [Right-to-Know Law]. However, Moore misinterprets the statutory language, specifically, the use of the word "currently" as used in Section 705 of the [Right-to-Know Law], stating that "an agency shall not be required to create a record which does not currently exist." 65 P.S. § 67.705. Under this provision, whether or not a judgment of sentence existed at some point in time is not the proper standard—the standard is whether such a record is in existence and in possession of the Commonwealth agency at the time of the right-to-know request. The Department searched its records and submitted both sworn and unsworn affidavits that it was not in possession of Moore's judgment of sentence—that such a record does not currently exist. These statements are enough to satisfy the Department's burden of demonstrating the non-existence of the record in question, and obviously the Department cannot grant access to a record that does not exist.[ ] Because under the current [Right-to-Know Law] the Department cannot be made to create a record which does not exist, the OOR properly denied Moore's appeal.

*Id.* (emphasis in original) (footnote omitted).

The facts in *Moore* are analogous to the facts that Petitioner implies occurred with regard to his sentencing order. Petitioner seems to contend that, given the existence of Section 9764(a)(8) of the Sentencing Code, the Department likely had in its possession a copy of Petitioner's sentencing order, but the Department now asserts that, "[a]fter a reasonable search [of its records], no responsive records currently exist within the Department's custody, possession[,] or control." (*See* C.R., Item No. 3, attachment.) In *Moore*, however, this Court held that, in those

4

circumstances, an affidavit is sufficient to establish the nonexistence of the record, and the Department cannot be made to grant access to or create a record that does not exist. Our reasoning in *Moore* undercuts any argument that an agency's burden is different or that a requestor is entitled to a presumption simply because a record likely existed at a prior point in time. The key matter is whether the record currently exists in the possession, control, or custody of the Department.[3]

Accordingly, we affirm the final determination of the OOR. [4]

---

[3] The Department, in its brief, contends that "[i]nsofar as Petitioner argues that he is being held illegally," (Petitioner's brief at 10), this Court has previously held that the Right-to-Know Law "is not a vehicle through which an individual can collaterally attack the legality of his criminal confinement." *See Foster v. Dep't of Corr.*, 159 A.3d 1020, 1022 (Pa. Cmwlth. 2017); *see also Moore*, 992 A.2d at 910 ("[A]n appeal from an OOR order denying [a] request for access to a public record is not the proper forum to challenge the constitutionality of his continued incarceration.") While we agree that a Right-to-Know Law request is not the proper forum through which to challenge the legality of continued confinement, we do not read Petitioner's appeal as an attempt to do so. Rather, Petitioner confined his argument and requested relief to the issue of whether he is entitled to a presumption.

[4] As the OOR observed in its final determination:

While the Department does not possess the requested sentencing orders, there exists a common law right of access to judicial records. *Commonwealth v. Upshur*, 924 A.2d 642[, 647] (Pa. 2007). The common law right of access to public judicial records and documents arose from the presumption that judicial proceedings will be open to the public. As the Supreme Court stated, "[i]t is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial record and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 591 (1978) (footnotes omitted). The

5

_____
P. KEVIN BROBSON, Judge

---

Pennsylvania Supreme Court has viewed the common law right of access as compelled by many of the considerations that underlie the presumption of public trials. *See Commonwealth v. Fenstermaker*, 530 A.2d 414, 417-18 (Pa. 1987). The records sought, if they exist, may be requested from the issuing court.

(C.R., Item No. 4.)

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Thaddeus Saunders, : 
               Petitioner : 
                : 
        v. :   No. 223 C.D. 2017
                : 
Department of Corrections, : 
               Respondent : 

# **O R D E R**

AND NOW, this 11th day of October, 2017, the Final Determination of the Office of Open Records, issued January 20, 2017, is hereby AFFIRMED.

_____
P. KEVIN BROBSON, Judge