IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Vincent Thomas,      :
     Petitioner   :
           : No. 1558 C.D. 2018
    v.      :
           : Submitted: May 31, 2019
Pennsylvania Board of    :
Probation and Parole,    :
     Respondent  :


BEFORE:  HONORABLE P. KEVIN BROBSON, Judge
      HONORABLE PATRICIA A. McCULLOUGH, Judge
      HONORABLE MICHAEL H. WOJCIK, Judge


*__OPINION NOT REPORTED__*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH        FILED: August 5, 2019


    Vincent Thomas (Requester) petitions *pro se* for review of the October 5, 2018 final determination of the Office of Open Records (OOR) that dismissed his appeal from the Pennsylvania Board of Probation and Parole's (Board) denial of his request for documents related to his waiver of counsel under the Right-to-Know Law (RTKL).[1]

    On August 2, 2018, Requester, an inmate at the State Correctional Institution at Dallas, submitted a request to the Board for a copy of his waiver of counsel "PBPP-72 Form," wherein Claimant stated he "signed off on waiving [his]

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

rights to counsel for Parole proceedings." (Certified Record (C.R.) at Item No. 1.) A PBPP-72 Form allows an offender to waive the right to counsel for a first-level hearing before the Board.[2]

By letter dated August 15, 2018, the Board denied Requester's written request, stating that it did not have the Form "in its possession, under its custody, or in its control." *Id.* The Board noted that, per the OOR's decision in *Jenkins v. Pennsylvania Department of State* (OOR, Dkt. AP 2009-065, filed April 2, 2009), "[i]t is not a denial of access when an agency does not possess records and [there is no] legal obligation to obtain them." (C.R. at Item No. 1.) The Board also cited section 705 of the RTKL, noting that "an agency is not required 'to create a record which does not currently exist or to compile, maintain, format or organize a record in a manner in which the agency does not currently compile, maintain, format or organize the record." *Id.* (quoting section 705 of the RTKL, 65 P.S. §67.705).

The Board's determination was accompanied by an "Agency Affirmation of Nonexistence of Record," signed by David Butts, the Board's Open Records Officer (ORO). In it, Mr. Butts affirmed that he had made a "good faith effort to determine whether the [Board] ha[d] possession, custody or control of the record requested, pursuant to [section 901 of the RTKL,] 65 P.S. § 67.901,"[3] and that

---

[2] *See* the Board's Policies, Volume III, Chapter III, Case Records, Decisional Processing, 3.03.07, VI.A (discussing waiver procedures for several types of hearings conducted by the Board). *See also* 37 Pa. Code §§71.2 (discussing parole revocation hearing procedure for technical parole violators), 71.4 (discussing parole revocation hearing procedure for convicted parole violators).

[3] In pertinent part, this section states,

> Upon receipt of a written request for access to a record, an agency shall make a good faith effort to determine if the record requested is a public record, legislative record or financial record and whether the agency has possession, custody or control of the identified record, and

**(Footnote continued on next page…)**

based on a "thorough inquiry of any designated and/or reasonably likely record[] custodians for the records requested," "to the best of [his] knowledge, information and belief, such records [did] not exist." (C.R. at Item No. 1.) Requester then appealed to the OOR. (C.R. at Item No. 2.)

The OOR invited the parties to supplement the record. The Board submitted a position statement in which it once again denied possession of the record and asserted that, pursuant to section 705 of the RTKL, 65 P.S. §67.705, it was not required to create one responsive to Requester's request. In support, the Board cited Mr. Butts's affirmation wherein he attested that he had made a good faith effort to locate the record and was unsuccessful. In the event the OOR found the record insufficient, the Board requested an evidentiary hearing. (C.R. at Item No. 3.) Requester declined to file any additional information with the OOR.

The OOR subsequently contacted the Board, requesting additional details from Mr. Butts regarding where he searched for the record and the names of the persons that he consulted with to determine that the record did not exist. (C.R. at Item No. 4.) In response, Mr. Butts submitted a sworn affidavit stating that the PBPP-72 Form that Requester sought "is used for preliminary, detention, violation, and revocation hearings before the [B]oard." (C.R. at Item No. 5.) Mr. Butts explained that "[p]arole records reside in OnBase, an electronic document management system," and noted that he had "received training in OnBase functionality and [had] more than 16 months experience using the [OnBase] system."

---

**(continued…)**

to respond as promptly as possible under the circumstances existing at the time of the request.

65 P.S. §67.901.

*Id.* Therefore, Mr. Butts stated that he "conducted a thorough review of the Board's records for [Requester] at Inmate No. AM7061 and Parole No. 3329R." *Id.* In addition to reviewing the Board's electronic records, Mr. Butts also attested that he "consulted a legacy file management system to see if a paper file remained," but discovered that Requester's file had been made fully electronic as of November 2017 and, thus, there was no paper file to review. *Id.* Crucially, Mr. Butts observed that Requester had "never been before the Board for a preliminary, detention, violation, or revocation hearing." *Id.* Thus, Mr. Butts stated, "After a careful review of the record, I concluded [Requester's] waiver of counsel, either entered as a PBPP 72 or in any other format, does not exist." *Id.* at 3.

On October 5, 2018, the OOR issued a final determination denying Requester's appeal. In the absence of evidence that the Board acted in bad faith, the OOR accepted the averments in Mr. Butts's affidavit as true and concluded that "the Board had demonstrated that it conducted a good faith search for the requested record and that such record does not exist in its possession, custody, or control." (OOR Final Determination at 4) (citing *Moore v. Office of Open Records*, 992 A.2d 907, 909 (Pa. Cmwlth. 2010) (holding that submission of both sworn and unsworn affidavits attesting that an agency was not in possession of a requested record was sufficient to satisfy an agency's burden that the record did not currently exist)).

With regard to the Board's request for an evidentiary hearing, the OOR observed that, while an appeals officer may conduct a hearing to resolve an appeal, "[t]he decision to hold a hearing is discretionary and non-appealable." (OOR Final Determination at 2) (citing section 1102(a)(2) of the RTKL, 65 P.S. §67.1102(a)(2) ("The appeals officer may hold a hearing. A decision to hold or not to hold a hearing is not appealable.")). Thus, although the Board requested an evidentiary hearing, the

4

OOR determined that a hearing was not necessary as it had received all relevant facts required to adjudicate the matter. (OOR Final Determination at 2.) Ultimately, the OOR dismissed Requester's appeal and held the Board was not required to take any further action. Requester filed a petition for review in this Court.

## Discussion

Before this Court,[4] Requester contends that he was prejudiced by the OOR's determination in this case, which he alleges was erroneous. Requester also contends that he should have been granted a hearing before the OOR, and that the OOR's denial of an evidentiary hearing was an abuse of discretion.[5]

When a request for a record under the RTKL is received by an agency, it is the burden of the agency to prove that the record requested does not exist. Section 708 of the RTKL, 65 P.S. §67.708. An agency has no duty to create a record that does not already exist. Section 705 of the RTKL, 65 P.S. §67.705; *Hodges v.*

---

[4] Our standard of review of a final determination issued by the OOR is *de novo* and our scope of review is plenary. *Bowling v. Office of Open Records*, 75 A.3d 453, 477 (Pa. 2013).

[5] Requester further contends in his brief that the OOR circumvented his right to counsel under the Sixth Amendment and the Public Defender Act (PDA), Act of December 2, 1968, P.L. 1144, *as amended*, 16 P.S. §§9960.1-9960.13. However, neither the Sixth Amendment nor the PDA grant Requester the right to have counsel appointed to him for purposes of pursuing a RTKL request, and thus this argument is without merit.

Moreover, insufficiently developed arguments may be deemed waived by the Court. *See* Pa.R.A.P. 2101 ("[I]f the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed."); Pa.R.A.P. 2119 ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."). Here, Requester has not raised or sufficiently developed this argument either in his appellate brief or in the proceedings below and, therefore, it is waived.

*Pennsylvania Department of Health*, 29 A.3d 1190, 1192 (Pa. Cmwlth. 2011). An affidavit or attestation from an agency can be considered sufficient evidentiary support as to the nonexistence of a record. *Department of Labor & Industry v. Earley*, 126 A.3d 355, 357 (Pa. Cmwlth. 2015) (holding that an agency's submission of affidavits in support of the nonexistence of a record was sufficient to establish it was not in possession of the requested record); *Hodges*, 29 A.3d at 1192 (holding that the sworn affidavit of an agency's ORO was sufficient evidence to support the nonexistence of a record); *Moore*, 992 A.2d at 909 (holding that an agency's submission of sworn and unsworn affidavits was sufficient to prove the nonexistence of a record). In the absence of evidence of bad faith on the part of the agency, the statements contained in the agency's affidavits or attestations should be accepted as true. *McGowan v. Pennsylvania Department of Environmental Protection*, 103 A.3d 374, 382-83 (Pa. Cmwlth. 2014).

In the present case, Requester claims that the OOR's conclusion that the record he requested did not exist was erroneous and prejudiced him. When Requester sent his request for the PBPP-72 Form to the Board, the Board averred that it did not have such a record in its possession. The Board further presented a signed affirmation of nonexistence, stating that the Board did not have this record in its possession. Mr. Butts then provided a sworn affidavit to the OOR detailing his search efforts and affirming, once again, that the Board did not have the requested record in its possession. As there is no evidence of, nor does Requester allege, bad faith by Mr. Butts or the Board in conducting the search for the requested document, Mr. Butts's sworn affidavit and signed affirmation were correctly accepted as true by the OOR and constituted sufficient proof that the record requested is not in the Board's possession.

Finally, Requester argues that the OOR erred by not affording him an evidentiary hearing on this matter. This argument, too, is unpersuasive. As the OOR noted regarding the Board's request for an evidentiary hearing, the RTKL states that while an appeals officer should review all information given by the parties relating to a request, "[t]he appeals officer *may* hold a hearing." 65 P.S. §67.1102(a)(2) (emphasis added). The RTKL further states that "[a] decision to hold or not to hold a hearing is not appealable." *Id.* An appeals officer has no statutory *obligation* to hold an evidentiary hearing on a matter brought before the OOR. Therefore, Requester's contention that the OOR erred in declining to hold a hearing is baseless, and must be dismissed. Moreover, we observe that Requester did not at any point prior to his present appeal request an evidentiary hearing.

Accordingly, for these reasons, we affirm the determination of the OOR dismissing Requester's appeal.[6]

 

 

 

_____

PATRICIA A. McCULLOUGH, Judge

---

[6] By letter dated May 19, 2019, Requester sought allowance to file a reply brief with this Court. Initially, we note that, in accordance with Pa.R.A.P. 2113, Requester did not need permission to file the same. However, Pa.R.A.P. 2185(a)(1) requires that a reply brief be filed within 14 days of the respondent's brief. Here, the Board, the respondent herein, filed its brief on May 8, 2019. Hence, requester only had until May 22, 2019, to file a reply brief. Even if Requester had timely filed a reply brief, the law is clear based upon our discussion above that Requester was not entitled to the relief he sought.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Vincent Thomas,                          :
                 Petitioner          :
                              :   No.  1558 C.D. 2018
            v.                          :
                              :
Pennsylvania Board of                    :
Probation and Parole,                    :
                 Respondent          :

## ***ORDER***

AND NOW, this 5th day of August, 2019, the October 5, 2018 final determination of the Office of Open Records is hereby affirmed.

_____

PATRICIA A. McCULLOUGH, Judge