IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Garmon, : 
                Petitioner : 
                    : 
         v. : 
                    : 
Department of Corrections : 
(Office of Open Records), :   No. 413 C.D. 2024
                Respondent :   Submitted: February 4, 2025

BEFORE:   HONORABLE ANNE E. COVEY, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge
              HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                              FILED: March 5, 2025

        Michael Garmon (Requester), pro se, petitions this Court for review of the Office of Open Records' (OOR) April 1, 2024 Final Determination (Final Determination) dismissing his appeal as premature. The sole issue before this Court is whether the OOR properly dismissed Requester's appeal. After review, this Court affirms.

        Requester is an inmate at the State Correctional Institution at Camp Hill. He filed a Right-to-Know Law (RTKL)[1] request (Request) with the Department of Corrections (Department), dated March 1, 2024, seeking his complete criminal history record and the statute of limitations on detainers. On March 13, 2024, Requester filed an appeal with the OOR asserting therein that the Department had failed to respond to the Request. *See* Certified Record (C.R.) Item No. 1. The OOR received the notice of appeal on March 19, 2024. *See id.* On March 21, 2024,

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

the Department submitted to the OOR correspondence in opposition to Requester's appeal, which included Agency Open Records Officer (ORO) Andrew Filkosky's (ORO Filkosky) declaration (Declaration). *See* C.R. Item No. 4. Therein, ORO Filkosky stated, *inter alia*, that the Department received the Request on March 11, 2024, and, on March 13, 2024, Requester had filed his appeal. On April 1, 2024, the OOR issued the Final Determination dismissing the appeal as prematurely filed. On April 10, 2024, Requester filed a document titled *Writ of Mandamus* in this Court seeking review of the OOR's Final Determination.[2] By April 30, 2024 Order, this Court directed that the "'Writ of Mandamus' shall be treated as a Petition for Review (of the OOR's Final Determination) addressed to this Court's appellate jurisdiction." *Id.*

On May 13, 2024, Requester filed a Preliminary Objection. On May 20, 2024, Requester filed a Motion for Judgment on the Pleadings (Motion). By June 11, 2024 Order, this Court dismissed Requester's Preliminary Objection and Motion as unauthorized and further stated: "The present matter consists of [Requester's] Petition for Review (titled, Writ of Mandamus) of the [F]inal [D]etermination of the [OOR], dismissing [Requester's] appeal as premature." *Id.* On June 17, 2024, Requester filed his brief in this Court. Notwithstanding this Court's June 11, 2024 Order, Requester's brief contained one issue for review: "Whether the Fourth Amendment to the United States Constitution[3] and [a]rticle [I], [section] 8 of the [P]ennsylvania Constitution[4] permit [Requester] a reasonable expectation to be released from unlawful custody that exceeded the sentence

---

[2] "On appeal from the OOR in a[n] RTKL case, this Court's standard of review is *de novo* and our scope of review is plenary." *Dep't of Hum. Servs. v. Pennsylvanians for Union Reform, Inc.*, 154 A.3d 431, 435 n.8 (Pa. Cmwlth. 2017).

[3] U.S. CONST. amend. IV.

[4] PA. CONST. art. I, § 8.

guideline that was imposed by [the trial court]."[5]  Requester's Br. at 8.  On July 15, 2024, the Department filed its brief.[6]

## Discussion

Initially, Section 902 of the RTKL provides, in relevant part:

**(a) Determination.--**Upon receipt of a written request for access, the open[ ]records officer for an agency shall determine if one of the following applies:

. . . .

(3) a timely response to the request for access cannot be accomplished due to bona fide and specified staffing limitations; [or]

. . . .

(7) the extent or nature of the request precludes a response within the required time period.

**(b) Notice.--**

(1) Upon a determination that one of the factors listed in subsection (a) applies, **the open**[ ]**records officer shall send written notice to the requester within five business days <u>of receipt of the request</u>** for access under subsection (a).

(2) The notice shall include a statement notifying the requester that the request for access is being reviewed, the reason for the review, a reasonable date that a response is expected to be provided[,] and an estimate of applicable fees owed when the record becomes

---

[5] This Court has explained: "[A]n appeal from an OOR order denying [an inmate's] request for access to a public record is not the proper forum to challenge the constitutionality of his continued incarceration."  *Moore v. Off. of Open Recs.*, 992 A.2d 907, 910 (Pa. Cmwlth. 2010).  Thus, we review the OOR's Final Determination to determine whether the OOR properly dismissed Requester's appeal as premature.

[6] On August 19, 2024, Requester filed another document titled *Writ of Mandamus* under the same docket number as the instant case.  On January 16, 2025, this Court dismissed the Writ of Mandamus as unauthorized in the context of the present Petition for Review.

available. If the date that a response is expected to be provided is in excess of 30 days, following the [5] business days allowed for in [S]ection 901 [of the RTKL, 65 P.S. § 67.901], the request for access shall be deemed denied unless the requester has agreed in writing to an extension to the date specified in the notice.

(3) If the requester agrees to the extension, the request shall be deemed denied on the day following the date specified in the notice if the agency has not provided a response by that date.

65 P.S. § 67.902 (text emphasis added).

ORO Filkosky stated in his Declaration that the Department received the March 1, 2024 Request on March 11, 2024.[7] This Court has explained that "[w]here . . . no evidence has been presented to show that the [agency] acted in bad faith, the averments in the [agency's] affidavits should be accepted as true." *McGowan v. Pa. Dep't of Env't Prot.*, 103 A.3d 374, 382-83 (Pa. Cmwlth. 2014). Here, Requester did not present evidence that the Department acted in bad faith. Therefore, this Court accepts that the Department did not receive the Request until March 11, 2024. Because the Department did not receive the Request until March 11, 2024, and, pursuant to Section 902(b)(1) of the RTKL, the Department had five days from the receipt of the Request (i.e., until March 16, 2024) to respond, the OOR properly concluded that Requester's appeal filed on March 13, 2024, was premature.

For all of the above reasons, the OOR's Final Determination is affirmed.

_____
ANNE E. COVEY, Judge

---

[7] The Declaration was made under the penalty of unsworn falsification, pursuant to Section 4904 of the Crimes Code, 18 Pa.C.S. § 4904.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Garmon,                :
          Petitioner         :
                                     :
           v.                    :
                                       :
Department of Corrections     :
(Office of Open Records),       :    No. 413 C.D. 2024
          Respondent     :

## O R D E R

AND NOW, this 5th day of March, 2025, the Office of Open Records' April 1, 2024 Final Determination is affirmed.

_____
ANNE E. COVEY, Judge