**Larry STURGIS, Petitioner**

v.

**DEPARTMENT OF CORRECTIONS, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 9, 2014.

Decided July 18, 2014.

Larry Sturgis, pro se.

Maria G. Macus, Assistant Counsel, Mechanicsburg, for respondent.

BEFORE: BONNIE BRIGANCE LEADBETTER, Judge, and P. KEVIN BROBSON, Judge, and JAMES GARDNER COLINS, Senior Judge.

OPINION BY Judge BROBSON.

Petitioner Larry Sturgis petitions for review *pro se* of a final determination of the Office of Open Records (OOR), dated December 20, 2013, denying his request for records, specifically his sentencing order, held by the Department of Corrections (DOC). DOC denied the request on the basis that the requested record did not exist. We now affirm.

Petitioner is an inmate currently incarcerated at the State Correctional Institution at Dallas (SCI–Dallas). Petitioner filed a request with DOC pursuant to the Right to Know Law,[1] requesting that DOC provide him with a copy of his judgment of sentence. DOC's Agency Open Records Officer Andrew Filkosky denied Petitioner's RTKL request on the basis that the record requested does not currently exist and that, pursuant to Section 705 of the RTKL, 65 P.S. § 67.705, DOC is not required to create a record. Petitioner appealed to OOR, challenging the denial. DOC responded by submitting to OOR an attestation of Diane Yale, Records Supervisor at SCI–Dallas, made subject to the penalty of perjury. Ms. Yale swore to the non-existence of Petitioner's judgment of sentence within DOC's possession. Thereafter, OOR determined that, through the submission of Ms. Yale's attestation, DOC met its burden to prove that it does not possess the record sought in Petitioner's request.

---

1. Act of February 14, 2008, P.L. 6, 65 P.S.    §§ 67.101–.3104.

On appeal to this Court, Petitioner argues that OOR erred in denying his appeal because DOC failed to meet its burden to prove that it does not currently possess the record sought in the request. Petitioner contends that, pursuant to Section 1101(c) of the RTKL, 65 P.S. § 67.1101(c), DOC was required "to notify a Third Party Law Enforcement Records Local Agency of the County where [he] was prosecuted, the Philadelphia District Attorney's Office regarding access to his judgment of sentence as to whether or not said records were in said Local Agency's possession at the time of [his RTKL] request," and DOC failed to do so. Petitioner misconstrues the provisions of the RTKL.

Pursuant to the RTKL, a public record must be accessible for inspection and duplication. Section 701(a) of the RTKL, 65 P.S. § 67.701(a). A record in the possession of an agency, such as DOC in this case, is presumed to be a public record, unless the record is exempt under Section 708 of the RTKL, 65 P.S. § 67.708, protected by a privilege, or exempt from disclosure under other law or court order. *See* Section 305(a) of the RTKL, 65 P.S. § 67.305(a). The agency bears the burden to prove that a record is exempt from public access. *See* Section 708(a)(1) of the RTKL. Section 705 of the RTKL, 65 P.S. § 67.705, provides: "When responding to a request for access, an agency shall not be required to create a record which does not currently exist or to compile, maintain, format or organize a record in a manner in which the agency does not currently compile, maintain, format or organize the record."

In *Moore v. Office of Open Records*, 992 A.2d 907 (Pa.Cmwlth.2010), this Court considered a similar request by an inmate (Moore) to DOC for a judgment of sentence and DOC's denial of the request. DOC supported its denial with both sworn and unsworn affidavits that DOC did not have in its records Moore's judgment of sentence. We explained that DOC's provision of the affidavit was sufficient to satisfy its responsibilities under the RTKL:

Moore's sole argument on appeal is that [DOC's] statement that a judgment of sentence does not currently exist leads him to believe that such a record must have existed at some time and, therefore, either [DOC] or ... OOR has a duty to produce the record under the RTKL. However, Moore misinterprets the statutory language, specifically, the use of the word "currently" as used in Section 705 of the RTKL, stating that "an agency shall not be required to create a record which does not currently exist." 65 P.S. § 67.705. Under this provision, whether or not a judgment of sentence existed at some point in time is not the proper standard—the standard is whether such a record is in existence *and in possession of the Commonwealth agency at the time of the right-to-know request.* [DOC] searched its records and submitted both sworn and unsworn affidavits that it was not in possession of Moore's judgment of sentence—that such a record does not currently exist. These statements are enough to satisfy [DOC's] burden of demonstrating the non-existence of the record in question, and obviously [DOC] cannot grant access to a record that does not exist.[ ] Because under the current RTKL [DOC] cannot be made to create a record which does not exist, ... OOR properly denied Moore's appeal.

*Moore,* 992 A.2d at 909 (emphasis added) (footnote omitted). In the case now before the Court and consistent with its actions denying the RTKL request in *Moore,* DOC provided an unsworn attestation and sworn affidavit that it had examined its records and determined that it did not possess Petitioner's order of judgment.

Nevertheless, Petitioner appears to argue that Section 1101(c) of the RTKL requires DOC, when an inmate requests from DOC an order of judgment that DOC does not possess, to contact local law enforcement agencies to obtain the order of judgment from the local law enforcement agency. We disagree. Section 1101 of the RTKL, relating to filing an appeal, sets forth the process for appealing an agency's denial or a deemed denial of a RTKL request. It authorizes a requester to "file an appeal with [OOR] or other appeals officer designated under section 503(d) [of the RTKL] within 15 business days of the mailing date of the agency's response or within 15 business days of a deemed denial." Section 1101(a) of the RTKL, 65 P.S. § 67.1101(a). It further provides that, "[e]xcept as provided in section 503(d) [of the RTKL], in the case of an appeal of a decision by a Commonwealth agency or local agency, [OOR] shall assign an appeals officer to review the denial." *Id.* Section 1101(c) of the RTKL, to which Petitioner refers, provides:

(c) Direct interest.—

(1) A person other than the agency or requester with a direct interest in the record subject to an appeal under this section may, within 15 days following receipt of actual knowledge of the appeal but no later than the date the appeals officer issues an order, file a written request to provide information or to appear before the appeals officer or to file information in support of the requester's or agency's position.

(2) The appeals officer may grant a request under paragraph (1) if:

(i) no hearing has been held;

(ii) the appeals officer has not yet issued its order; and

(iii) the appeals officer believes the information will be probative.

(3) Copies of the written request shall be sent to the agency and the requester.

Thus, Section 1101(c) provides a person who has a direct interest in the RTKL request an opportunity to participate in the appeal process under certain circumstances. Nothing in Section 1101(c) requires DOC to notify another agency regarding a request in an attempt to obtain a record that it does not currently possess.

Petitioner also points to our decision in *Allegheny County Department of Administrative Services v. A Second Chance, Inc.*, 13 A.3d 1025, 1042 (Pa.Cmwlth.2011), in support of its proposition that DOC "failed to meet its burden of proof by failure to notify a third party." (Petitioner's Br. at 9.) In *A Second Chance*, we analyzed Section 506(d)(1) of the RTKL, 65 P.S. § 67.506(d)(1), which provides:

A public record that is not in the possession of an agency but is in the possession of a *party with whom the agency has contracted to perform a governmental function on behalf of the agency*, and which directly relates to the governmental function and is not exempt under this act, shall be considered a public record of the agency for purposes of this act.

(Emphasis added.) We noted that this Court has considered the language of Section 506(d)(1) and its application in the context of when a record, held by third-party, private contractor, is a public record subject to disclosure under the RTKL. We also examined Section 1101 of the RTKL in the context of whether it provides a third-party contractor with a right to intervene in an appeal before OOR, concluding that it is not "a formal intervention provision authorizing a person with a direct interest to seek 'party' status in a proceeding before" OOR. *A Second Chance*, 13 A.3d at 1032. We refused "to construe Section 1101 as a mandatory intervention provision, barring any person

with a direct interest and with knowledge of the [OOR] proceeding from intervening in a subsequent judicial proceeding if the person did not also seek to provide additional information to the [OOR] appeals officer." *Id.* In no way did we interpret Section 1101 as imposing a duty upon an agency in receipt of a request to notify another agency of the request in order to attempt to obtain from the other agency a record not in the possession of the agency in receipt of the request. Thus, Petitioner's reliance on *A Second Chance* is misplaced.

Finally, Petitioner appears to suggest in his reply brief that DOC should have his sentencing order in its possession as a result of Section 9764(a)(8) of the Sentencing Code, 42 Pa.C.S. § 9764(a)(8). Section 9764(a)(8) of the Sentencing Code provides that "[u]pon commitment of an inmate to the custody of [DOC], the sheriff or transporting official shall provide to the institution's records officer or duty officer … [a] copy of the sentencing order and any detainers filed against the inmate which the county has notice." Regardless, DOC simply cannot be required to produce a record not in its possession, even if one would expect that it should possess the record.[2]

Accordingly, we affirm the final determination of OOR.

### ORDER

AND NOW, this 18th day of July, 2014, the final determination of the Office of

Open Records, dated December 20, 2013, is hereby AFFIRMED.

In re: S.H.

**G.H., Petitioner**

v.

2. We note, however, that the requirement that the sheriff or transporting official provide an institution with a copy of the sentencing order was added to Section 9764(a) of the Sentencing Code by the Act of September 25, 2008, P.L. 1026, which amended portions of the Sentencing Code. Section 9764(a)(*1*) of the Sentencing Code makes clear that requirements of the amended Section 9764 apply only to "offenders transferred to or released from a State or county correctional facility after the effective date of this section," which would be approximately November 24, 2008. It is unclear whether this section would have applied to Petitioner's transfer to SCI–Dallas.