IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton Brown,                            :
                                        :
                     Petitioner         :
                                        :
          v.                            : No. 1379 C.D. 2016
                                        : Submitted: April 28, 2017
Pennsylvania Office of                  :
the Governor,                           :
                                        :
                     Respondent         :


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                          FILED:  July 11, 2017


          Alton Brown (Requester) petitions *pro se* for review of the Office of
Open Records' (OOR) final determination that dismissed his appeal from the
Pennsylvania Office of the Governor's (Governor's Office) denial of his request
for the release of documents under the Right-to-Know Law (RTKL).[1]  We affirm.

          Requester, an inmate at the State Correctional Institution at Greene
(SCI-Greene), filed a request with the Governor's Office for the following
documents:  (1) the latest "Annual Management Review Audit" of the SCI-Greene
Medical Department conducted by the Pennsylvania Department of Corrections'
(DOC) Bureau of Health Care Services (Bureau); (2) the current Master Menu for

_____

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

the DOC; (3) a record containing all names and salaries/positions of SCI-Greene employees; and (4) the proposal submitted by Correct Care Solutions submitted in response to the Bureau's RFP #6100031243.  The Governor's Office initially informed Requester it would need additional time to respond,[2] but ultimately denied the request because it "does not possess, maintain or control" the requested records and directed Requester to submit his RTKL request "directly to the agency or agencies that may possess the records" he seeks, "[i]n this case, the [DOC] and the Pennsylvania Department of General Services [which] may possess responsive records."  Certified Record (C.R.) Item 1, Exhibit E at 1.

Requester appealed the Board's denial to OOR, asserting that the Governor's Office must respond on behalf of all other Commonwealth agencies

---

[2] Section 902(a) of the RTKL provides, in relevant part:

> **(a) Determination.—**Upon receipt of a written request for access, the open-records officer for an agency shall determine if one of the following applies:
>
> (1)  the request for access requires redaction of a record[;]
>
> * * *
>
> (3)  a timely response to the request for access cannot be accomplished due to bona fide and specified staffing limitations;
>
> (4)  a legal review is necessary to determine whether the record is a record subject to access under this act; [or]
>
> * * *
>
> (7)  the extent or nature of the request precludes a response within the required period of time.

65 P.S. §67.902(a)(1), (3), (4), (7).

based on a "contractual" relationship between them. C.R. Item 1 at 1. The Governor's Office submitted a position statement and a notarized affirmation from its Agency Open Records Officer (AORO) affirming that a good faith search was conducted and that no responsive records exist within the possession, custody, or control of the Governor's Office. C.R. Item 3 at 1-4.

Ultimately, OOR issued the instant final determination, explaining:

> Under the RTKL, an attestation signed under penalty of perjury may serve as sufficient evidentiary support for the nonexistence of records. *See Sherry v. Radnor Twp. Sch. Dist.*, 20 A.3d 515, 520-21 (Pa. [Cmwlth.), *appeal denied*, 31 A.3d 292 (Pa. 2011)]; *Moore v. Office of Open Records*, 992 A.2d 907, 909 (Pa. [Cmwlth.] 2010). In the absence of any competent evidence that the [Governor's] Office acted in bad faith, "the averments in [the affirmation] should be accepted as true." *McGowan v. Pa. Dep't of Envtl. Prot.*, 103 A.3d 374, 382-83 (Pa. [Cmwlth.] 2014) (citing *Office of the Governor v. Scolforo*, 65 A.3d 1095, 1103 (Pa. [Cmwlth.] 2013)). Based on the materials provided, the [Governor's] Office has established that no responsive records exist.
>
> For the foregoing reasons, the appeal is **denied**, and the [Governor's] Office is not required to take any further action.

C.R. Item 4 at 1-2 (emphasis in original). Requester has now appealed OOR's dismissal to this Court, arguing that the Governor's Office waived its grounds for denying the request by failing to assert them at the outset, and that OOR erred in determining that the records are not in the possession, custody, or control of the Governor's Office.[3]

---

[3] "This Court's standard of review of a final determination of the OOR is *de novo* and our scope of review is plenary." *Hunsicker v. Pennsylvania State Police*, 93 A.3d 911, 913 n.7 (Pa. **(Footnote continued on next page…)**

3

With respect to Requester's former claim, as outlined above, the Governor's Office initially sought more time to respond to the request as permitted by Section 902 of the RTKL. When the Governor's Office did ultimately respond to the request under Section 903,[4] it denied the request because it "does not possess, maintain or control" the requested records and directed Requester to submit his RTKL request "directly to the agency or agencies that may possess the records" he seeks, "[i]n this case, the [DOC] and the Pennsylvania Department of General Services [which] may possess responsive records." (C.R.) Item 1, Exhibit E at 1. Thus, the Governor's Office did not change the basis upon which it initially denied the request and the extension of time to respond in no way resulted in a waiver of this basis for denial. *See, e.g., Levy v. Senate of Pennsylvania*, 65 A.3d 361, 383 (Pa. 2013) ("Given the ambiguity of the statutory language, the competing statutory purposes, and in light of this Court's concern for individuals' due process rights under the RTKL, we determine that the Commonwealth Court erred in holding that an agency waives any reasons for non-disclosure not raised in its initial Section 903 written response.").[5]

---

**(continued…)**

Cmwlth. 2014). This Court is not limited to the rationale offered in OOR's written decision. *See Bowling v. Office of Open Records*, 75 A.3d 453, 456 (Pa. 2013). We "may affirm on other grounds where grounds for affirmance exist." *Kutnyak v. Department of Corrections*, 748 A.2d 1275, 1279 n.9 (Pa. Cmwlth.), *appeal denied*, 784 A.2d 121 (Pa. 2000).

[4] 65 P.S. §67.903. Section 903(2) states that "[i]f an agency's response is a denial of a written response for access, whether in whole or in part, the denial shall be in writing and shall include . . . [t]he specific reasons for the denial, including a citation of supporting legal authority."

[5] *See also Wishnefsky v. Pennsylvania Department of Corrections*, 144 A.3d 290, 295 n.9 (Pa. Cmwlth. 2016) ("Wishnefsky is correct that the [DOC] offered a different basis for denying **(Footnote continued on next page…)**

With respect to Requester's latter claim, the RTKL does not require an agency to produce records that do not exist within their custody, possession, or control. *Sturgis v. Department of Corrections*, 96 A.3d 445, 446-48 (Pa. Cmwlth.), *appeal denied*, 104 A.3d 6 (Pa. 2014); *Hodges v. Pennsylvania Department of Health*, 29 A.3d 1190, 1192-93 (Pa. Cmwlth. 2011). Indeed, Section 705 of the RTKL states that "an agency shall not be required to create a record which does not currently exist." 65 P.S. §67.705. Additionally, "an agency may satisfy its burden of proof that it does not possess a requested record with either an unsworn attestation by the person who searched for the record or a sworn affidavit of [the] nonexistence of the record." *Hodges*, 29 A.3d at 1192 (citation omitted). The Governor's Office satisfied its burden in this regard through the submission of the notarized affirmation from its AORO affirming that a good faith search was conducted and that no responsive records exist within the possession, custody, or control of the Governor's Office. C.R. Item 3 at 3-4.

It is true that Section 506(d)(1) of the RTKL requires an agency to provide a record "not in the possession of an agency . . . [that] is in possession of a party with whom the agency has contracted to perform a governmental function on behalf of the agency, and . . . directly relates to the governmental function and is not exempt." 65 P.S. §67.506(d)(1). However, Requester is seeking records of DOC and the Department of General Services, which are not third party

_____

**(continued…)**

the Request before OOR on appeal than it did in the initial denial. However, as stated in OOR's Official Notice of Appeal, the [DOC] is permitted to assert exemptions not asserted in the [DOC]'s initial denial in accordance with our Supreme Court's decision in *Levy*. Accordingly, the [DOC] did not waive the arguments made to OOR when it did not assert them in the initial denial letter to Wishnefsky.").

contractors with the Governor's Office. Rather, Section 102 of the RTKL defines "Commonwealth agency" as "[a]ny office, department, authority, board, multistate agency or commission of the executive branch" including "[t]he Governor's Office," "[t]he Office of Attorney General, the Department of the Auditor General and the Treasury Department." 65 P.S. §67.102. In turn, Section 502(a)(1) requires "[a]n agency" to "designate an official or employee to act as the open-records officer." 65 P.S. §67.502(a)(1).

Moreover, it was Requester's duty to direct his RTKL request to the appropriate official or employee of the appropriate agency. Section 703 of the RTKL states that "[a] written request must be addressed to the open-records officer designated pursuant to section 502" and that "[e]mployees of an agency shall be directed to forward requests for records to the open-records officer." 65 P.S. §67.703. As the Supreme Court has explained:

> [I]t is clear that the import of Section 703's directive "must be addressed to the open-records officer" is that the requestor is required to include (or otherwise make) at least some positive indication that the intended recipient of the written request is the agency's open-records officer, whether that officer be identified by name or by title, whether the requestor sends his request to the open-records officer's specific email address or fax number, or whether the requestor actually places his request directly in the hands of the open-records officer. . . . By addressing the open-records officer in some logical, reasonable fashion—which imposes no great burden—the requestor gives all employees so contacted the notice required that his written request is submitted pursuant to the RTKL.

*Pennsylvania Gaming Control Board v. Office of Open Records*, 103 A.3d 1276, 1286 (Pa. 2014). Because the Governor's Office sustained its burden of proving that it does not possess a responsive record, and because Requester did not

6

properly address his request to the open records officer of the appropriate "Commonwealth agency" that could provide a responsive record, OOR properly dismissed Requester's appeal.

Accordingly, we affirm OOR's final determination.

_____
MICHAEL H. WOJCIK, Judge

Judge Cosgrove did not participate in the decision in this case.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton Brown,                          :
                                      :
                    Petitioner        :
                                      :
            v.                        :   No. 1379 C.D. 2016
                                      :
Pennsylvania Office of                :
the Governor,                         :
                                      :
                    Respondent        :


O R D E R


AND NOW, this 11<u>th</u> day of <u>July</u>, 2017, the final determination of the

Office of Open Records dated July 18, 2016, at No. AP 2016-1060 is AFFIRMED.


_____

MICHAEL H. WOJCIK, Judge