## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ernest Morrison,                            :
                          Petitioner        :
                                            :
            v.                              :
                                            :
Department of Corrections,                  :    No. 2002 C.D. 2016
                          Respondent        :    Submitted: April 21, 2017


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION BY
JUDGE COVEY                                 FILED: May 23, 2017


Ernest Morrison (Morrison), pro se, petitions this Court for review of the Pennsylvania Office of Open Records' (OOR) November 22, 2016 Final Determination denying his appeal from the Pennsylvania Department of Corrections' (DOC) denial of his Right-to-Know Law (RTKL)[1] request (Request). The sole issue before this Court is whether the OOR properly denied the Request.[2] Upon review, we affirm.

Morrison is serving a life sentence without parole as an inmate at the State Correctional Institution at Dallas (SCI-Dallas). On September 28, 2016, Morrison submitted the Request to DOC's RTKL Office seeking: "A true and correct copy of the 'Written Judgment of Sentence Order' [(Sentencing Order)] which

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

[2] In his Statement of Questions Involved, Morrison sets forth the following issues: (1) whether DOC erred by committing him without a proper and legal sentencing order; (2) whether the sentencing court erred by failing to provide a proper and legal sentencing order to DOC; and, (3) whether the sentencing court erred by imposing a life sentence without parole in the absence of statutory authority to do so. However, because these issues relate to Morrison's sentencing and not his Request, they are not properly before this Court.

contains (1) the Judge[']s [s]ignature; (2) [t]he [s]tate [he] was [s]entenced under and (3) [t]he [s]tatutory [a]uthorization [] for the following [D]ocket No(s) CP # 171 & 172/1973." Certified Record (C.R.) Item 1 at 4. By October 13, 2016 letter,[3] DOC's RTKL Office denied the Request for the following reason: "The record(s) that you requested do not currently exist in the possession of [DOC]." C.R. Item 1 at 3.

On October 26, 2016, Morrison appealed from the denial to the OOR, arguing: (1) the denial "is an err[or;]" (2) the Sentencing Order is needed to determine whether he is lawfully committed to DOC's custody; (3) the admission that the Sentencing Order does not exist supports his claim that he is being unlawfully held; (4) the denial was confusing and misleading, since it should have been presented to DOC as proof of his conviction and sentencing; and, (5) "[t]here is an encroachment into [Pennsylvania Rule of Criminal Procedure] 114; [Sections 9753, 9736 and 9764 of the Sentencing Code,] 42 Pa.C.S. §§ 9753, 9736, & 9764 (inter alia), and a person does not run a foul [sic] of the law unless he/she violates a specific statute[.]" C.R. Item 1 at 2.

> By November 2, 2016 letter, DOC notified OOR of its position:
>
> Diane Yale [(Yale)], Records Supervisor at SCI[-]Dallas, located [Morrison's April 17, 1974 Adult Male Commitment Form,] the attached 'court commitment form.' However, to the extent the court commitment form is not responsive, [DOC] included an attestation from [] Yale attesting that following a reasonable search[,] no other responsive records exist [(Affidavit)].[] Since the requested records do not exist within the possession, custody, or control of [DOC], [DOC] responded appropriately.

C.R. Item 3 at 1. Morrison did not challenge the Affidavit. *See* C.R. Item 4 at 1. On

---

[3] On September 29, 2016, the RTKL Office extended its final response date to November 4, 2016. *See* C.R. Item 1 at 4.

November 22, 2016, the OOR issued the Final Determination denying Morrison's appeal, stating:

> Under the RTKL, an affidavit may serve as sufficient evidentiary support for the nonexistence of records. *See Sherry v. Radnor Twp. Sch. Dist.*, 20 A.3d 515, 520-21 (Pa. C[mwlth.] 2011); *Moore v. Office of Open Records*, 992 A.2d 907, 909 (Pa. C[mwlth.] 2010). In the absence of any competent evidence that [DOC] acted in bad faith or that records exist in the possession of [DOC], 'the averments in [the [A]ffidavit] should be accepted as true.' *McGowan v. Pa. Dep't of Envtl. Prot.*, 103 A.3d 374, 382-83 (Pa. C[mwlth.] 2014) (citing *Office of the Governor v. Scolforo*, 65 A.3d 1095, 1103 (Pa. C[mwlth.] 2013)). Based on the evidence provided, [DOC] has met its burden of proving that no records exist in [DOC's] possession, custody or control.[FN]1 Accordingly, the appeal is **denied**.
>
> > [FN]1. While [DOC] does not possess the requested sentencing orders, there exists a common law right of access to judicial records. *Commonwealth v. Upshur*, 924 A.2d 642 (Pa. 2007). The common law right of access to public judicial records and documents arose from the presumption that judicial proceedings will be open to the public. As the Supreme Court has stated, '[i]t is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents.' *Nixon v. Warner [Commc'ns], Inc.*, 435 U.S. 589, 591 (1978) (footnotes omitted). The Pennsylvania Supreme Court has viewed the common law right of access as compelled by many of the considerations that underlie the presumption of public trials. *See Commonwealth v. Fenstermaker*, 530 A.2d 414, 417-18 (Pa. 1987). The records sought, if they exist, may be requested from the issuing court.

C.R. Item 4 at 1-2. Morrison appealed to this Court.[4]

---

[4] "[A] reviewing court, in its appellate jurisdiction, independently reviews the OOR's orders and may substitute its own findings of fact for that of the agency." *Moore*, 992 A.2d at 909 n.5 (quoting *Bowling v. Office of Open Records,* 990 A.2d 813, 818 (Pa. Cmwlth. 2010)[, *aff'd*, 75 A.3d

On appeal to this Court, Morrison does not challenge the OOR's Final Determination, but rather "attempts to raise a due process challenge to his continued confinement. According to [Morrison], if the record does not exist, then his confinement is invalid because it is illegal for the [DOC] to hold him without a signed judgment of sentence." *Moore*, 992 A.2d at 909-10; *see* Morrison Pet. for Review, *see also* Morrison Br. at 5-6. In fact, Morrison's brief concludes with the following disclaimer:

> **IT IS NOT AND WAS NOT THIS PETITIONER'S INTENTION OR AIM TO APPEAL THE FINDINGS OF [DOC'S] [RTKL] OFFICE OR THE [OOR]** STATING THAT THE [SENTENCING ORDER] IS NOT IN [THE DOC'S] POSSESSION[,], IT HAS ALWAYS BEEN HIS AIM TO CHALLENGE HIS DETENTION AND CONFINEMENT BEING UNCONSTITUTIONAL WITHOUT THIS LAWFUL DOCUMENT[.] THE FACT OF THE MATTER IS THAT [DOC'S] AFFIDAVIT SUPPORTS HIS CLAIMS.

Morrison Br. at 27 (emphasis added).

In *Moore*, this Court held that "**an appeal from an OOR order denying [an inmate's] request for access to a public record is not the proper forum to challenge** the constitutionality of **his continued incarceration**." *Id.* at 910 (emphasis added); *see also Scott v. Pa. Dep't of Corr.* (Pa. Cmwlth. No. 133 C.D. 2016, filed January 27, 2017) ("It is not the Court's role to help a litigant find a document or to review the legality of a criminal prosecution or conviction.") Slip op. at 3; *Whitaker v. Pa. Dep't of Corr.* (Pa. Cmwlth. No. 1781 C.D. 2012, filed March 8, 2013) ("[T]he RTKL is not a vehicle through which an individual can collaterally attack the legality of his criminal confinement. The RTKL does not contain any

---

453 (Pa. 2013)] . . . . "[A] court reviewing an appeal from an OOR hearing officer is entitled to the broadest scope of review." *Id. (*quoting *Bowling,* 990 A.2d at 820).

On April 24, 2017, Morrison filed an "Objection to [DOC's] Brief," which the Court will treat as a reply brief.

statutory provisions or procedures providing an individual with a right or avenue to declare his underlying judgment of sentence a legal nullity.") Slip op. at 3-4.[5]

Because in this case Morrison does not challenge the OOR's denial of his appeal, but rather seeks relief outside the RTKL, this Court must affirm the OOR's Final Determination.[6] Based on the foregoing, the OOR's Final Determination is affirmed.

_____
ANNE E. COVEY, Judge

---

[5] We acknowledge that this Court's unreported memorandum opinions may be cited "for [their] persuasive value, but not as a binding precedent." Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a). Because *Scott* and *Whitaker* involved substantially similar circumstances to the instant case, the Court's reasoning therein is persuasive to the current action.

[6] Despite that Morrison's appeal to the OOR was based primarily upon his claims that he is being unlawfully incarcerated, Morrison also included therein that the Request was improperly denied on the basis that DOC did not possess the Sentencing Order. *See* C.R. Item 1 at 2. Accordingly, the OOR's Final Determination properly addressed that issue. Finding no error in the OOR's analysis, had Morrison appealed that issue to this Court, we would have affirmed the Final Determination.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Ernest Morrison, | : | |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| Department of Corrections, | : | No. 2002 C.D. 2016 |
| Respondent | : | |

## O R D E R

AND NOW, this 23rd day of May, 2017, the Pennsylvania Office of Open Records' November 22, 2016 Final Determination is affirmed.

_____
ANNE E. COVEY, Judge