IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gabriel Ocasio,                :
           Petitioner    :
                       :
       v.                 :
                       :
Pennsylvania Department   :
of Corrections,           :   No. 419 C.D. 2017
          Respondent  :   Submitted: October 6, 2017

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                      FILED: December 7, 2017

Gabriel Ocasio (Ocasio), pro se, petitions this Court for review of the Pennsylvania Office of Open Records' (OOR) December 27, 2016 Final Determination denying his appeal from the Pennsylvania Department of Corrections' (DOC) denial of his Right-to-Know Law (RTKL)[1] request (Request). The sole issue before this Court is whether DOC met its burden of proving it did not possess the responsive record. Upon review, we affirm.

Ocasio is an inmate at the State Correctional Institution at Rockview (SCI-Rockview). On October 28, 2016, Ocasio submitted his Request to DOC's RTKL Office seeking: "'Judgment of Sentencing Order [(Sentencing Order)]' and 'DC-300B' [(Court Commitment)] Form." Certified Record (C.R.) Tab 1, Item 4. By November 18, 2016 letter,[2] DOC's RTKL Office produced Ocasio's DC-300B Form, but denied his Request relative to the Sentencing Order, declaring:

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

[2] On October 31, 2016, DOC's RTKL Office permissibly extended its final response date to December 2, 2016. *See* C.R. Tab 1, Item 3.

> The record[] that you requested do[es] not currently exist in the possession of [DOC]. When responding to a request for access, an agency is not required to create a record which does not currently exist or to compile, format or organize a public record in a manner in which it does not currently compile, format or organize the public record. [Section 705 of the RTKL,] 65 P.S. § 67.705; [s]ee *Moore v. Office of Open Records*, 992 A.2d 907, 909 (Pa. Cmwlth. 2010) ('[DOC] cannot grant access to a record that does not exist. Because under the current RTKL [DOC] cannot be made to create a record that does not exist, the OOR properly denied [the] . . . appeal.'); [s]ee also *Bargaron v. Dep[’t] of Labor [&] Indus[.]*, 720 A.2d 500 (Pa. Cmwlth. 1998).

C.R. Tab 1, Item 3.

On November 30, 2016, Ocasio appealed to the OOR, asserting that the Sentencing Order is a public record:

> The requested record(s) contained accessible information regarding [Ocasio's] [c]riminal [c]ourt case and Sentencing Order, which do not fall[] under any of the [RTKL] exemption[s]. Inasmuch as the request[ed] information only reflects [Ocasio's] name, crime committed, and Sentencing Order [sic]. No address of [Ocasio] and/or anyone else for that matter[], which meets the [RTKL] requirements for public records [sic]. Moreover, the burden of proof falls upon the agency denying the record(s), pursuant to [Section 708(a) of the RTKL,] 65 P.S. [§] 67.708(a), not [Ocasio].

C.R. Tab 1, Item 1. Ocasio specifically challenged DOC's denial on the basis that, since he could not have been admitted to DOC's facility unless the sheriff or transporting officer provided the Sentencing Order to DOC's records officer, "[DOC] should have [it] in [its] possession . . . ." C.R. Tab 1, Item 1.

The OOR invited the parties to supplement the record. *See* C.R. Tab 2. By December 6, 2016 letter, DOC again declared that "the [Sentencing Order] does not exist within the possession, custody or control of [DOC]," and enclosed an Agency Attestation of Nonexistence of Record (Attestation) issued by SCI-Rockview's records supervisor Kathleen Witmer (Witmer). C.R. Tab 3. Therein, Witmer stated under

2

penalty of perjury that, "[b]eyond the DC-300B, I have determined that no responsive records exist within [DOC's] custody, possession or control." C.R. Tab 3. Ocasio did not challenge the Attestation. *See* Ocasio Br. at VIII; *see also* Ocasio Br. at 3. On December 27, 2016, the OOR issued its Final Determination denying Ocasio's appeal, stating:

> Under the RTKL, an affidavit may serve as sufficient evidentiary support for the nonexistence of records. *See Sherry v. Radnor Twp. Sch. Dist.*, 20 A.3d 515, 520-21 (Pa. C[mwlth.] 2011); *Moore . . .* , 992 A.2d [at] 909 . . . . In the absence of any competent evidence that [DOC] acted in bad faith or that records exist in the possession of [DOC], 'the averments in [the [A]ffidavit] should be accepted as true.' *McGowan v. Pa. Dep't of Envtl. Prot.*, 103 A.3d 374, 382-83 (Pa. C[mwlth.] 2014) (citing *Office of the Governor v. Scolforo*, 65 A.3d 1095, 1103 (Pa. C[mwlth.] 2013)). Based on the evidence provided, [DOC] has met its burden of proving that no records exist in [DOC's] possession, custody or control. Accordingly, the appeal is **denied**.

C.R. Tab 4 at 1-2 . Ocasio appealed to this Court.[3]

Ocasio argues that DOC must possess his Sentencing Order since the Sentencing Code[4] and DOC's regulations and policies relating to information exchange and inmate reception prohibit his incarceration without it. Ocasio alternatively contends that "the OOR failed to recognize[] . . . [Section 506(d)(1) of the RTKL,] 65 [P.S. §] 67.506(d)(1) [(regarding records in the possession of a third party contracted

---

[3] "[A] reviewing court, in its appellate jurisdiction, independently reviews the OOR's orders and may substitute its own findings of fact for that of the agency." *Moore*, 992 A.2d at 909 n.5 (quoting *Bowling v. Office of Open Records,* 990 A.2d 813, 818 (Pa. Cmwlth. 2010), *aff'd*, 75 A.3d 453 (Pa. 2013). "[A] court reviewing an appeal from an OOR hearing officer is entitled to the broadest scope of review." *Moore*, 992 A.2d at 909 n.5 (quoting *Bowling,* 990 A.2d at 820).

[4] 42 Pa.C.S. §§ 9701-9799.9. Ocasio specifically refers in his brief to Section 9764(a)(8) of the Sentencing Code which states: Upon commitment of an inmate to the custody of DOC, the sheriff or transporting official shall provide to the institution's records officer or duty officer "[a] copy of the sentencing order . . . filed against the inmate which the county has notice." 42 Pa.C.S. § 9764(a)(8).

to perform a governmental function),[5]] which relates to [the] Request." Ocasio Br. at 3; *see also* Ocasio Br. at 6-7. Ocasio concludes that "[DOC] did not necessarily have to have the [Sentencing Order] in [its] possession, . . . [it] could have retrieve[d] it from the courts with whom [it is] contracted[.]" Ocasio Br. at 7. We disagree.

Initially, to the extent that Ocasio is arguing that his confinement is invalid because it is illegal for DOC to hold him without a Sentencing Order,[6] in *Moore*, this Court held that "**an appeal from an OOR order denying** [**an inmate's**] **request for access to a public record is not the proper forum to challenge** the constitutionality of **his continued incarceration**." *Id.* at 910 (emphasis added); *see also Scott v. Pa. Dep't of Corr.* (Pa. Cmwlth. No. 133 C.D. 2016, filed January 27, 2017) ("It is not the Court's role to help a litigant find a document or to review the legality of a criminal prosecution or conviction."), slip op. at 3; *Whitaker v. Pa. Dep't of Corr.* (Pa. Cmwlth. No. 1781 C.D. 2012, filed March 8, 2013) ("[T]he RTKL is not a vehicle through which an individual can collaterally attack the legality of his criminal confinement. The RTKL does not contain any statutory provisions or procedures providing an individual with a right or avenue to declare his underlying judgment of sentence a legal nullity."),

---

[5] Section 506(d)(1) of the RTKL states:

> A public record that is not in the possession of an agency but is in the possession of a party with whom the agency has contracted to perform a governmental function on behalf of the agency, and which directly relates to the governmental function and is not exempt under [the RTKL], shall be considered a public record of the agency for purposes of [the RTKL].

65 P.S. § 67.506(d)(1).

[6] Although Ocasio did not directly raise this argument in his brief, he asserted in his Petition for Review that DOC failed to discharge him from custody after concluding that it did not possess his Sentencing Order. *See* Petition for Review at 2. Moreover, DOC responded to that issue in its brief. *See* DOC Br. at 10-11.

slip op. at 3.[7] Accordingly, if Ocasio is seeking to use the RTKL to challenge his incarceration, this Court must affirm the OOR's ruling. *See Morrison v. Dep't of Corr.*, 162 A.3d 613 (Pa. Cmwlth. 2017).

If, however, Ocasio's challenge is that the Request was improperly denied on the basis that DOC must have or can obtain the Sentencing Order, this Court has ruled:

> Under Section 1102 of the RTKL, a requester and the assigned open records officer are permitted 'to submit documents in support of their positions' and '[t]he appeals officer may admit into evidence testimony, evidence and documents that the appeals officer believes to be reasonably probative and relevant to an issue in dispute.' 65 P.S. §§ 67.1102(a)(1) and (2). The attestation . . . of non-existence [is] certainly probative and relevant to the issue of the existence of [a] judgment of sentence.

*Moore*, 992 A.2d at 909 n.4. Moreover,

> the standard is whether such a record is in existence and in possession of the Commonwealth agency at the time of the [RTKL] request. [Here, DOC] searched its records and submitted [the Attestation] that it was not in possession of [Ocasio's] [Sentencing Order] – that such a record does not currently exist. Th[at] statement[] [is] enough to satisfy [DOC's] burden of demonstrating the non-existence of the record in question, and obviously [DOC] cannot grant access to a record that does not exist. Because under the current RTKL [DOC] cannot be made to create a record which does not exist, the OOR properly denied [Ocasio's] appeal.

*Id.* at 909 (footnote omitted).

---

[7] We acknowledge that this Court's unreported memorandum opinions may be cited "for [their] persuasive value, but not as a binding precedent." Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a). Because *Scott* and *Whitaker* involved incarceration challenges under the RTKL, the Court's reasoning therein is persuasive to the extent Ocasio raises the same claim in the current action.

Finally, in *Philadelphia District Attorney's Office v. Stover* (Pa. Cmwlth. No. 1952 C.D. 2016, filed September 12, 2017),[8] this Court held that since sentencing orders and DC-300B Court Commitment forms are records of the judiciary, they are exempt from disclosure under the RTKL by a non-judicial agency.[9] In reaching its decision, the *Stover* Court declared:

> 'In discerning whether records qualify as records 'of' a particular agency, we consider the subject-matter of the records. The location of the record or an agency's possession does not guarantee that a record is accessible to the public; rather, the character of the record controls.' *Grine* [*v. Cnty. of Centre*], 138 A.3d [88,] 94-95 (citations omitted).

---

[8] Because *Stover* involved the exact documents Ocasio requested in this case, and DOC produced the DC-300B Court Commitment form to Ocasio, the *Stover* Court's reasoning is applicable and persuasive herein. Moreover, the OOR recently relied upon *Stover* to deny another inmate's RTKL request for his sentencing order and DC-300B Court Commitment form. *See Tyler v. Pa. Dep't of Corr.* (OOR Docket No. AP-2017-1805, filed October 24, 2017). Lastly, on October 3, 2017, the Philadelphia District Attorney's Office filed an application to report *Stover*, which is pending.

[9] The *Stover* Court reasoned:

> Pursuant to the RTKL, a 'judicial agency' is defined as '[a] court of the Commonwealth or any other entity or office of the unified judicial system.' Section 102 of the RTKL, 65 P.S. § 67.102. '[T]he RTKL offers limited access restricted by its terms to a defined type of records of judicial agencies. Thus, unlike records of Commonwealth or local agencies, where *all* records in their possession are presumed public, only 'financial records' of judicial agencies are accessible through the RTKL.' *Faulk* [*v. Phila. Clerk of Courts*], 116 A.3d [1183,] 1187 (Pa. Cmwlth. 2015). To be sure, [S]ection 304 of the RTKL, 65 P.S. § 67.304, provides that the records of a judicial agency are disclosable only to the extent that they are 'financial records.' *Court of Common Pleas of Lackawanna C*[*nty.*] *v. Office of Open Records*, 2 A.3d 810, 813 (Pa. Cmwlth. 2010).

*Id.* slip op. at 6-7.

Slip op. at 6. Accordingly, even if DOC possessed Ocasio's Sentencing Order, or could obtain it from Ocasio's sentencing court, DOC would be prohibited from producing it pursuant to Ocasio's Request.

For the above reasons, the OOR's Final Determination is affirmed.

_____
ANNE E. COVEY, Judge

Gabriel Ocasio,            :
           Petitioner      :
                              :
            v.                  :
                              :
Pennsylvania Department    :
of Corrections,              :     No. 419 C.D. 2017
           Respondent   :

## O R D E R

AND NOW, this 7th day of December, 2017, the Pennsylvania Office of Open Records' December 27, 2016 Final Determination is affirmed.

_____
ANNE E. COVEY, Judge