# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeffrey S. Deeter, : 
                 Petitioner : 
                   : 
          v. : No. 620 C.D. 2017
                   : Submitted: November 22, 2017
Pennsylvania Board of : 
Probation and Parole, : 
            Respondent : 

BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
                 HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**           **FILED: May 9, 2018**


Petitioner Jeffrey S. Deeter (Deeter), *pro se*, petitions for review of a Final Determination of the Office of Open Records issued April 28, 2017, dismissing his appeal as moot under the Right-to-Know Law,[1] relating to a Right-to-Know Law request he directed to the Pennsylvania Board of Probation and Parole (Board). For the reasons set forth below, we affirm.

Deeter is an inmate incarcerated at the State Correctional Institution at Somerset (SCI-Somerset). Deeter submitted a Right-to-Know Law request to the Board on March 17, 2017, requesting the following records:

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-.3104.

In re to "Exhibit B" provided by the [Office of Open Records/Board] see Hi-Lited [sic] Paragraph attached. Please provide copies of the "3/5/97 Memo Murder II Murder III" [(Request 1)] also the Authority offered has been repealed, please provide the current Authority [(Request 2)].

(Certified Record (C.R.), Item No. 1 at 5 (alteration added).) Exhibit B is a chart, dated January 13, 2016, entitled "Votes Required for an Action" (January 2016 Chart), a copy of which Deeter attached to his Right-to-Know Law request. (C.R., Item No. 1.) By response dated March 30, 2017, the Board granted Deeter's Request 1 and denied Request 2, explaining, "the Board does not have the records that you request in its possession, under its custody or its control." (C.R., Item No. 1.)

Deeter appealed to the Office of Open Records. Deeter alleged that, despite granting his Request 1, the Board did not enclose the responsive document—which Deeter referred to as the "3/5/97 Memo Murder II Murder III" (March 1997 Memo)—with its response. Deeter also alleged that if the Board was correct in stating that it did not have documents responsive to Request 2 in its possession, then the Board is acting without authority.[2] The Board responded by letter dated April 18, 2017, that it had interpreted Deeter's request as a request for

---

[2] Specifically, Deeter wrote:

Also stated "In regards to request number 2, the Board does not have the records that you request in its possession, under its custody or its control." In the information provided to me "as a courtesy" Exhibit B, the AUTHORITY offered is: "Parole Act 61 P.S. 331.1 et al" this "Authority" has been repealed. If this record is not in Parole's possession as claimed then Parole is acting with no Authority and any decision they make is ripe for legal challenge. I, again, ask for the Authority that Parole is utilizing for their decision process.

(Appeal letter, dated April 4, 2017; C.R., Item No. 1.)

the language or document that repealed the prior statute.[3]  The Board explained that, "upon further inspection of the request after . . . Deeter's appeal was filed, the Board has included the records that it believes are responsive to Deeter's [r]equest."  The Board provided Deeter with:  (1) an updated "Votes Required" chart, dated March 30, 2017 (March 2017 Chart); (2) a copy of the Board's resolution, dated September 21, 2016 (September 2016 Resolution); and (3) a copy of the March 1997 Memo that Deeter alleged he did not receive with the Board's initial response.  The Board then requested that the Office of Open Records dismiss Deeter's appeal, "as the information provided is seemingly responsive to . . . Deeter's initial [Right-to-Know Law] request."  (C.R., Item No. 3.)  The Office of Open Records agreed with the Board and issued a Final Determination, dismissing Deeter's appeal as moot. Deeter then petitioned this Court for review.  (C.R., Item No. 4.)

On appeal to this Court,[4] Deeter argues that the Board's response was not responsive to his request, and, therefore, the Board erred in dismissing his appeal.[5]  Although not apparent from his Right-to-Know Law request, Deeter explains in his brief that he has "made several attempts to obtain the Authority

_____

[3] Presumably, the Board's reference to the "prior statute" refers to the "Parole Act," Act of August 6, 1941, P.L. 861, *as amended*, *formerly* 61 P.S. §§ 331.1-331.34a, *repealed by* Section 11(b) of the Act of August 11, 2009, P.L. 147.  The Parole Act has been consolidated and is currently found at Sections 6101 to 6153 of the Prisons and Parole Code, 61 Pa. C.S. §§ 6101-6153.

[4] On appeal from the Office of Open Records in a Right-to-Know Law case, this Court's standard of review is de novo, and our scope of review is plenary.  *Bowling v. Office of Open Records*, 75 A.3d 453, 477 (Pa. 2013).

[5] In his appeal to this Court, Deeter requests that the Court issue an order compelling the Board to provide him with documents that would prove that the Board required five votes prior to September 21, 2016, or admit that no such documents and/or authority exist.  Deeter also seeks review of the Board's 2015 and 2016 decisions denying him parole.

3

utilized by the [Board] that requires [five] votes for a positive [p]arole decision." (Petitioner's Br. at 5.) He contends that his review of the March 1997 Memo reveals that the Board was utilizing repealed statutes. He further contends that the Board provided him with the March 2017 Chart only after he filed the subject appeal with the Office of Open Records. He notes that the March 2017 Chart includes references to the Prisons and Parole Code. The March 2017 Chart identifies the Board's September 2016 Resolution as authority for the five-vote requirement, along with Sections 6113 and 6132 of the Prisons and Parole Code, 61 Pa. C.S. §§ 6113, 6132.[6] The Board's September 2016 Resolution resolves that for "Board Designated Violent Offenses and Sexual Offenses" parole may be granted only by a majority of the Board, and, therefore, five votes are required to grant parole for violent or sexual offenses.[7]

Deeter argues that the September 2016 Resolution does not explain under what authority the Board denied his parole in 2013, 2014, 2015, and 2016 (prior to the Board adopting the September 2016 Resolution). He contends that, because he is requesting authority for these four parole denials, the Board's production of the March 2017 Chart and September 2016 Resolution were not

---

[6] Section 6132 of the Prisons and Parole Code authorizes the Board to parole persons sentenced to imprisonment in a correctional facility, whereas Section 6113 of the Prisons and Parole Code authorizes the Board to make decisions on parole by a majority of the Board or by a panel consisting of one board member and one hearing examiner or two board members. Section 6111(b) of the Prisons and Parole Code, 61 Pa. C.S. § 6111(b), provides that "[t]he [B]oard shall consist of nine members." Thus, an action that would require a majority of the Board would require five Board members to vote in favor of the action.

[7] It is unclear from the September 2016 Resolution whether the five-vote requirement for "Board Designated Violent Offenses and Sexual Offenses" constituted a change in Board policy or merely set forth the procedure that the Board had been utilizing under the Prisons and Parole Code.

responsive to his request. Deeter contends that the January 2016 Chart identifies the March 1997 Memo as the authority for the five-vote requirement before September 21, 2016. Deeter notes, however, that the March 1997 Memo appears to provide that *three signatures* are required to grant parole for violent or sexual offenses, at least two of which shall be by Board members, and nothing in the records provided to Deeter supports a requirement for five votes prior to September 21, 2016.[8] Deeter argues, therefore, that the Board was not responsive, because the Board provided him with records that did not support the five-vote requirement during the time periods when the Board denied his parole. Deeter then makes the argument that, in the absence of authority for the five-vote requirement, the Board erred in denying him parole.

Despite the confusion regarding whether the Board has other records setting forth the Board's authority for the voting requirements it utilized when issuing Deeter's parole decisions in 2013, 2014, 2015, and 2016, the matter immediately before the Court involves Deeter's Request 1 and Request 2. The Board provided Deeter with the record responsive to Request 1—*i.e.*, the March 1997 Memo. Although Deeter may wish to characterize his requests more broadly, Request 2 sought only "the current Authority." (C.R., Item No. 1 at 5.) To that end, the Board provided Deeter with the March 2017 Chart and the September 2016 Resolution, which appear to be the current authority relied upon by the Board.

Any potential inconsistencies regarding the *content* of records provided to Deeter by the Board—namely, whether five votes or three signatures were required to grant Deeter parole in 2013, 2014, 2015, and 2016—is not currently

---

[8] The Court notes, as discussed above, that Sections 6113 and 6132 of the Prisons and Parole Code provide the Board with authority for the five-vote requirement for parole.

5

before this Court for disposition. It appears that Deeter is attempting to challenge the Board's decisions to deny him parole, but the Right-to-Know Law does not provide such relief. To the extent Deeter wishes to challenge his four parole denials based on the information gleaned from his requests, by alleging five votes were not required when the Board denied his parole, the Right-to-Know Law is not the correct avenue to pursue such a challenge. *Morrison v. Dep't of Corr.*, 162 A.3d 613, 616 (Pa. Cmwlth. 2017) (holding, "[b]ecause in this case [the petitioner] . . . seeks relief outside the [Right-to-Know Law], this Court must affirm the [Office of Open Records'] Final Determination"); *see also Foster v. Pa. Dep't of Corr.*, 159 A.3d 1020, 1023 (Pa. Cmwlth.), *appeal denied*, 176 A.3d 850 (Pa. 2017) (rejecting a challenge to incarceration under the Right-to-Know Law). Whether or not five votes were in fact required at the time the Board denied Deeter parole in 2013, 2014, 2015, and 2016 is immaterial in this appeal under the Right-to-Know Law. The Board complied fully with Deeter's Right-to-Know Law request, dated March 17, 2017, by providing the March 1997 Memo, the March 2017 Chart, and the September 2016 Resolution. The Office of Open Records, therefore, did not err in denying Deeter's appeal as moot.[9]

---

[9] Deeter does not assert that the Board failed to provide the *current authority* as sought by Request 2. To the extent that Deeter contends that the Board failed to provide documents, those documents, if they exist, were not part of the Right-to-Know Law request now before the Court.

Accordingly, we affirm the Final Determination of the Office of Open Records.[10]

P. KEVIN BROBSON, Judge

---

[10] In addition, the Board filed an Application to Dismiss for Mootness and Stay the Briefing Schedule, requesting that the Court dismiss the petition for review as moot. By order dated September 13, 2017, the Court directed that the application to dismiss be decided with the merits of the petition for review. In support of the application, the Board essentially argues the merits of its case and implies that it should be dismissed as moot by this Court because the Office of Open Records dismissed it as moot. Deeter is entitled to appeal the Final Determination of the Office of Open Records, even if the Final Determination is based on mootness. The Court, therefore, denies the Board's application to dismiss for mootness.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeffrey S. Deeter, : 
                  Petitioner : 
                   : 
         v. :  No. 620 C.D. 2017
                   : 
Pennsylvania Board of : 
Probation and Parole, : 
                Respondent : 

## **O R D E R**

AND NOW, this 9th day of May, 2018, the Pennsylvania Board of Probation and Parole's Application to Dismiss for Mootness, filed August 29, 2017, is DENIED, and the Final Determination of the Office of Open Records, dated April 28, 2017, is AFFIRMED.

_____

P. KEVIN BROBSON, Judge
